CHARLES F. DUNBAR, Appellant, *v.* EDWARD SWEENEY et al., Respondents.

*Water and watercourses — real property — right of owner to use of subterranean waters — may use only so much as necessary for full use and enjoyment of premises — may not use such waters for the manufacture of ice for sale, nor collect waters and discharge them on adjacent premises.*

An owner of real property has the right to draw and use such subterranean waters as may be necessary for and incidental to the full use and enjoyment of such premises, even though it drains a spring upon adjacent premises, such enjoyment including the right to use water for refrigerating purposes in a storage plant and for manufacture of ice with which to ice cars and preserve products stored by them in the course of shipment and delivery from their plant. It

does not, however, include the right to use such waters and thereby drain plaintiff's spring for the purpose of manufacturing ice for sale, nor may defendants collect and discharge waters upon the plaintiff's premises.

*Dunbar* v. *Sweeney*, 185 App. Div. 947, reversed.

(Argued January 25, 1921; decided February 1, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 25, 1918, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term and granting a new trial. The action was brought to enjoin and restrain defendants from draining a spring on plaintiff's lands close to the boundary line between their properties, defendants having dug a reservoir on their land close to plaintiff's spring and deeper than the spring thereby diverting into that reservoir the subterranean water supply that fed the spring, wholly appropriating that supply and thereby destroying the spring; and to enjoin and restrain defendants from discharging upon plaintiff's land waste water from the operation of their cold storage and ice manufacturing plant.

*G. D. Judson* for appellant.

*S. Wallace Dempsey* for respondents.

*Per Curiam.* Upon the findings in this case which are unreversed, and without discussion, which seems unnecessary, we announce our conclusions as follows:

*First.* The defendants have the right upon their own lands to draw and use from subterranean waters as they have been doing, even though they drain the spring upon plaintiff's premises, such waters as may be necessary for and incidental to the full use and enjoyment of such premises. In this case such enjoyment would include the right to use water for refrigerating purposes in their storage plant and for the manufacture of ice with which to ice cars and preserve products stored by them in the course of shipment and delivery from their plant. It would not include the right to use such waters and thereby drain plaintiff's spring for the purpose of manufacturing

ice for sale. (*Hathorn* v. *Natural Carbonic Gas Co.*, 194 N. Y. 326, 337.)

*Second.* While the collection and drainage by defendants of water from their storage plant on plaintiff's premises seems to have ceased at the time the action was tried, this offense was being committed at the time the action was commenced and the pipes and conduits are still in position through which it might be resumed. The plaintiff, therefore, is entitled to an injunction restraining the defendants from thus collecting and discharging waters upon his premises.

*Third.* The damages caused by the improper use of water in making ice for sale and in draining water upon plaintiff's premises appear to have been so slight that it is not worth while to send the case back for a new trial to have such damages, if any, ascertained. Upon the evidence and findings they could not be substantial.

In accordance with these views, the order should be reversed and judgment directed modifying the judgment of the Special Term by reversing all of the provisions thereof except (1) the one enjoining the defendants from using the reservoir constructed on their lands in such manner as to drain the water from plaintiff's spring for any purpose not necessary to the full enjoyment and usefulness of their lands, and which enjoyment and usefulness in this case includes the right in the manner heretofore pursued to draw and use water for every purpose for which the water from said reservoir has been used except that of manufacturing ice for sale; and except (2) the provision enjoining defendants from discharging upon plaintiff's premises any water from their storage and ice manufacturing plant in the manner in the findings herein stated to have been done; and except (3) the provision allowing the plaintiff costs, and as so modified affirming such judgment, without costs to either party as against the other in this court or the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.