MARY L. ROBISON, Appellant, v. DAVID LOCKRIDGE, Respondent.
RAYMOND ROBISON, Appellant, v. DAVID LOCKRIDGE, Respondent.

Fourth Department, October 8, 1930.

*Edward M. Ogden*, for the appellants.
*Dallas C. Newton*, for the respondent.

EDGCOMB, J. While the plaintiff Mary L. Robison was crossing a public street in the city of Rochester on the evening of March 4, 1929, she was struck by a car driven by the defendant. She

and her husband commenced separate actions to recover the damages which each claimed to have sustained by reason of the alleged negligence of the defendant on the occasion in question. Mrs. Robison has been awarded a verdict of $118 and Mr. Robison of $32. We are asked to set aside these verdicts as inadequate.

Mrs. Robison was entitled to recover, if she made out a cause of action against the defendant, such an amount as would fairly compensate her for the pain and suffering which she endured as the result of the accident, and for any resulting physical incapacity. Her husband's damage was confined to the consequential loss of his wife's society and services, and the actual expenses which he was put to on account of her injuries.

Mrs. Robison's injuries were not permanent, and it is not claimed that they were very serious or of long duration. She received an injury to her left ankle, which two doctors diagnosed as a sprain, and one as a muscle strain. One physician testified that the muscles of the left side of her neck were sprained, and that she was nervous, and suffered from shock. There was no disfigurement of her person. She was employed at the time of the accident, and was earning twenty-five dollars per week. She was laid up and kept from her work for two weeks. A wife's earnings during coverture belong to her husband, unless he relinquishes such right in her favor. Here such loss was given to the wife. That seems to have been done by the consent of her husband. He testified that his wife was accustomed to keep the money which she earned, and the trial court charged, without objection or exception, that the jury should include in any verdict which they awarded Mrs. Robison the sum of fifty dollars which she lost in wages during the two weeks she was incapacitated from work. We may, therefore, assume that sixty-eight dollars, the balance of Mrs. Robison's verdict, was the jury's estimate of what she was entitled to for her pain and suffering.

No precise rule has ever been formulated by which pain and suffering can be accurately measured and compensated for in money. No two cases of injury are exactly alike. Such damages are of such a nature that it is peculiarly fitting that they should be determined and fixed by a jury. We think that the evidence warrants a finding that the harm done to Mrs. Robison on the occasion in question was trivial in its nature, and that the resulting pain and suffering were of minor consequence.

Mr. Robison was given a verdict for the exact amount which he expended for his wife's doctors' bills. It does not appear that he was compelled to expend any other sum because of her injury. Both he and his wife could not recover the wages which she lost.

He relinquished his right to that item on the trial, and consented that such loss be included in his wife's verdict. He cannot, therefore, complain because they were not given to him. It is true that he was entitled to recover, if at all, for the loss of his wife's society, and that nothing was awarded for that item. While he was undoubtedly entitled to nominal damages, at least, for loss of consortium, the jury could easily have found that such loss was in name only when attempted to be measured by dollars and cents. Like pain and suffering, it is impossible to lay down any definite rule which will measure the extent of recovery for the loss by a husband of his wife's society. It is a matter which is addressed to the sound discretion of a jury. The court would not be justified in setting aside the verdict and granting a new trial simply to enable the plaintiff to recover nominal damages. (*Dunbar* v. *Sweeney*, 230 N. Y. 609, 611; *McConihe* v. *N. Y. & Erie R. R. Co.*, 20 id. 495; *Nolan* v. *Harris*, 52 How. Pr. 409; *Chase* v. *Bassett*, 15 Abb. Pr. [N. S.] 293; *Hopkins* v. *Grinnell*, 28 Barb. 533.)

It is true that the judgment of reasonable men often differs as to the compensation which should be awarded to an injured party, but here a jury of the parties' own selection, after seeing the parties and hearing all the testimony, have fixed the amounts which they thought would compensate the plaintiffs for the damages they sustained by reason of Mrs. Robison's accident. There is nothing in the record to indicate that the plaintiffs did not have a fair trial, or that anything occurred which would prejudice them in any way, or cause the jury to decide these cases on any basis other than on the evidence. The court would have no right to substitute its judgment for that of the trier of the facts. (*Hogan* v. *Franken*, 221 App. Div. 164; *Dashnau* v. *City of Oswego*, 204 id. 189; appeal dismissed, 236 N. Y. 542.)

Some weight should be accorded to the action of the trial judge in refusing to set aside these verdicts. He saw the witnesses, and heard them testify; he had a distinct advantage over us in determining whether these plaintiffs in reality were injured by the action of the jury.

While both verdicts are small, and while undoubtedly the jury would have been justified in granting a more liberal award to each plaintiff, we do not feel that we should disturb the discretion of the trial court.

All concur, except CROUCH and THOMPSON, JJ., who dissent and vote for reversal on the facts. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

In each case judgment and order affirmed, with costs.