[Civ. No. 7824. Third Dist. Jan. 16, 1951.]

PHILLIP MAURICE EDMINSTER et al., Respondents, v. HOWARD THORP et al., Appellants.

Russell A. Harris and Leo Fitzwilliam for Appellants.

Carlton & Shadwell and Charles H. Andrews for Respondents.

ADAMS, P. J.—Plaintiffs, Phillip Maurice Edminster and his wife, Laura G. Edminster, brought this action to recover damages for injuries suffered by Mrs. Edminster which were alleged to have been sustained in an automobile accident due to negligence on the part of defendant Howard Thorp, an employee of defendant Watkins Lumber Company, which company was the owner of the car of which Thorp was the driver. Defendants admitted negligence and liability, and

the only issue tried was that of damages. A judgment in favor of Mrs. Edminster based upon the verdict of a jury has been satisfied.

This appeal is taken from the judgment of $4,000 in favor of Phillip Edminster, the question raised, as stated in appellants' opening brief, being ''Was it prejudicial and reversible error for the Court to admit over objection by the defendants, evidence of the cost to plaintiff Phillip Maurice Edminster for household help supposedly made necessary as a result of his wife's injuries, when the plaintiffs' complaint contained no allegation of such special damage.''

The complaint alleged:

''That prior to said accident, said plaintiff Laura G. Edminster, the wife of plaintiff Phillip Maurice Edminster, was in good health and fully capable of and actually did perform all of the usual duties of a housewife; that as a result of said injuries, said plaintiff Laura Edminster has been, and will be for a long time to come unable to perform said duties; that by reason of the injuries to the said wife of plaintiff Phillip Maurice Edminster, said plaintiff has been and will be for a long time to come, deprived of the cohabitation and services and society of his said wife to his damage in the sum of $5,000.00, all of which is the direct and proximate result of the negligence, carelessness and recklessness of said defendants, as hereinabove alleged.''

Plaintiff husband testified, over the objection of defendants, that he had paid over $320 for household help, which amount, on cross-examination, was stated to have been at the rate of $1.00 per hour for an eight-hour day once a week for 40 weeks. He also urged that the cost of such household help during the ensuing five years—the period which medical testimony showed was the probable duration of disability of Mrs. Edminster—would be $2,080, which the jury should take into account in fixing the amount of the damages awarded to him.

Appellants' contention is that such damages were not specially pleaded, and, therefore, evidence of the amount paid out was not admissible; while respondent urges that the expenses incurred by him as a result of the injuries to his wife are general, and not special damages, and that his pleading was sufficient anyhow, as the allegation that prior to the accident his wife was in good health and performed all of the usual duties of a housewife, and that since her injuries she has been and will be for a long time to come, unable to perform said duties, fully informed defendants that he claimed damages

for the expense of employing household help necessitated by the injuries suffered by his wife.

In *Meek* v. *Pacific Electric Railway Co.*, 175 Cal. 53, 55 [164 P. 1117], the allegation of the complaint was:

"That before said accident said plaintiff, Evalena Meek, was an able-bodied woman; sound in mind and body; made part of her own clothes; did the housework for herself and husband, and when she had anyone employed to assist in the housework she overlooked the same, and, in fact, was in charge and control of the household and performed the usual duties that a house-wife performs in that behalf; but that since said accident said plaintiff, Evalena Meek, has been unable to perform, and will never be able to perform, the said duties as aforesaid, to the plaintiff, J. F. Meek's damage in the sum of twenty thousand dollars ($20,000)."

This pleading was held to be sufficient in that case to sustain a judgment for the husband.

Also in *Martin* v. *Southern Pacific Co.*, 130 Cal. 285 [62 P. 515], the complaint alleged that by reason of the negligence of the defendant the injuries received by plaintiff's wife were permanent, and rendered her wholly unable to perform her usual work and duties, and that by reason thereof plaintiff had been, and would be through the remainder of her life, deprived of her services and compelled to provide medical aid and care for her. The evidence established that prior to her injuries the wife had done all of the housework without assistance, but that since that time she had been unable to do any of it, and plaintiff had been compelled to employ other assistance for that purpose. The court held that the husband was entitled to recover for loss of services by his wife and for expenditures for other assistance in lieu thereof.

Also see *Jacobsen* v. *Vaughn*, 131 Cal.App. 277, 281 [21 P.2d 141].

As to the sufficiency of the pleading it is said in 27 Am.Jur. 102:

"The gist of a husband's cause of action for loss of his wife's consortium and for expenses, resulting from injuries to her through the wrongful acts or negligence of another, is such loss and expenses sustained by him, and not the injuries sustained by her; such loss and expenses sustained by him are not merely items of damages, but are, as stated, essential to the cause of action itself. The cause of action exists for such loss and expenses up to the time of her death, where she dies from the wrongful or negligent acts of the defendant; it exists

for such loss and expenses up to the date of trial; and it exists for probable future loss of consortium and expenses. *Such expenses are not special damages, in the legal sense of the term, and hence, evidence thereof can be received on trial without special allegation."* (Italics added.)

In numerous cases it has been held that a plaintiff may prove loss of earnings under a general plea of damages resulting from injury. (*Hoffmann* v. *Lane*, 11 Cal.App.2d 655, 659 [54 P.2d 477]; *Tornell* v. *Munson*, 80 Cal.App.2d 123, 125 [181 P.2d 112]; *Perry* v. *McLaughlin*, 212 Cal. 1, 12 [297 P. 554].)

■■ The only real advantage to be had by a defendant from a special plea for damages is that he may not be taken by surprise during the trial. We are satisfied that by the allegation of the pleading that plaintiff husband had been deprived of the services of his wife, defendants were sufficiently advised that recovery for the loss of such services was being relied upon by him, and that it was not error for the trial court to admit evidence as to the expense incurred by him for the rendition of services by a person employed to perform some of those formerly performed entirely by the wife.

Under section 452 of the Code of Civil Procedure pleadings are to be liberally construed; and under section 475 of said code defects in pleadings which in the opinion of the court do not affect the substantial rights of the parties are to be disregarded; and no judgment shall be reversed by reason of any ruling or defect unless it appears from the record that the ruling or the defect was prejudicial and that by reason thereof the appealing party suffered substantial injury, and that a different result would have been probable if such ruling or defect had not occurred or existed; also that there shall be no presumption that error is prejudicial, or that injury was done if error is shown.

■ The complaint alleged that the husband had been and would be deprived of the cohabitation and services and society of his wife to his damage in the sum of $5,000. Under the authority of the cases hereinbefore cited the husband became entitled (upon admission of negligence and liability on the part of defendants) to recover as such damages such amount, up to $5,000, as the jury might determine, even though no testimony as to his actual outlay was introduced. It is said in 13 California Jurisprudence, section 83, page 897:

"Consequential damages to the husband include loss of services of the wife, and money expended and indebtedness in-

curred by reason of the injury to the wife, such as expense incurred for necessary labor and services substituted for the ordinary services of the wife, . . . Damages for loss of services of the wife are recoverable, though there is no direct proof of the value of such services.''

Appellants' objection to testimony was only to that of Mr. Edminster as to his payment for household help. Furthermore, Mrs. Edminster testified to the same thing, and no objection was made. It is not contended that the amount paid is excessive, and obviously the work for which help was hired was not all that previously had been performed by Mrs. Edminster.

We are satisfied not only that plaintiffs' complaint was sufficient to justify the admission of the testimony to which the objection was made, but that if there was error in admitting it defendants suffered no prejudice or substantial injury thereby.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.