**JOSEWSKI**

v.

**MIDLAND CONSTRUCTORS, Inc.**

No. 883–S.D.

United States District Court
D. South Dakota, S. D.

Dec. 16, 1953.

Francis G. Dunn, Sioux Falls, S. D., for plaintiff.

Cherry, Braithwaite & Cadwell, Sioux Falls, S. D., for defendant.

HULEN, District Judge.

We have for ruling plaintiff's motion to strike parts of defendant's answer.

Plaintiff's case results from an injury sustained by her husband while an employee of the defendant. The basis of jurisdiction is diversity. The complaint alleges her husband sustained permanent injuries that have totally incapacitated him for employment. She seeks recovery, based on negligence of defendant (as distinguished from willful injury) for loss of support, advice, services, conjugal society, consortium and companionship. The answer admits the injuries to plaintiff's husband, and that they were in the course of his employment.

Those parts of the answer which plaintiff would strike are:

(1) The allegation that the complaint fails to state a cause of action. This portion of the answer presents defendant's claim that the law does not permit recovery by a wife for losses of the character sued for, i. e., loss of consortium due to a third party's negligence.

(2) The reference to the Workmen's Compensation Act of South Dakota. This part of the answer presents defendant's position that the Compensation Act provides exclusive liability of an employer for injuries or death of an employee who had failed to elect not to come under the Act, such as plaintiff's husband, and therefore precludes recovery of the character sought by plaintiff as being outside the provisions of the Compensation Act.

There are other portions of the answer referred to in plaintiff's motion which we do not consider material in light of the position we take on the two assignments referred to.

The questions posed are ones of first impression in the State of South Dakota. Excepting the case of Hitaffer v. Argonne Co., 1950, 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, the authorities are numerous and in agreement. They deny the wife recovery for loss of consortium resulting from negligence.[1]

■ A federal court passing on a motion to strike in a diversity case, involving substantive law and not procedure, must view the matter the same as a state court. We are just another state court in these premises.

■■ The Hitaffer case is interesting. It could well be the beacon showing the way, based on reason, to a more modern and enlightened ruling on the rights of married women in courts of law, and providing a remedy to enforce those rights. But the light must first be seen by the state courts if the ruling is to be recognized in the federal courts outside the District of Columbia. If we understand our position, as given in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this court is not permitted to declare the law with the same freedom as the court in the District of Columbia. We are bound by the ruling in the Erie case. Here we are faced with a question of substantive law, the answer to which requires us to determine an issue where the law of South Dakota, if there was any, would be binding on us. There being no law on the subject in the State of South Dakota, what is our obligation? The Court in Werthan Bag Corp. v. Agnew, 6 Cir., 1953, 202 F.2d 119, 124, speaking of the Erie rule, said:

"In West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, the doctrine was extended further to require the federal courts in such cases, where the highest court of the state has not pronounced on the subject, to ascertain from *all the available data* what the state law is and to apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts." (Emphasis added.)

1. The substance of this memorandum was given orally from the bench in ruling on the motion. In preparing this written memorandum we find two cases which support plaintiff's position: See Brown v. Georgia-Tennessee Coaches, 88 Ga. App. 519, 77 S.E.2d 24, and Cooney v. Moomaw, D.C.Neb.1953, 109 F.Supp. 448.

Plaintiff doubtless gets some consolation from two opinions of the Supreme Court of the State of South Dakota. In Moberg v. Scott, 38 S.D. 422, 161 N.W. 998, 999, L.R.A.1917D, 732, a wife sued for loss of consortium resulting from the sale of opium to her husband. The complaint recited the defendant made the sales unlawfully and with full knowledge of the dangerous effects of opium to create a growing desire. Many of the sales were made after plaintiff protested to the defendant. The Supreme Court initially found that defendant's acts were morally wrong and in violation of the law of South Dakota. The court could have found widespread authority to support its conclusion that plaintiff had a cause of action based on willful wrong, for loss of consortium, but the Court said:

"We prefer to base our decision on broader grounds."

The court then cites various statutes of the State of South Dakota, a number of court decisions, and concludes:

"Therefore either upon present-day common law, in view of the discoverture of the wife by statute, or because of other statutes, the courts of nearly all of the states in the Union, with the exception of Wisconsin, Maine, and New Jersey, sustain the wife's right to bring an action similar in character to this. For both reasons we sustain the complaint and approve the ruling of the trial court."

Manifestly the court must have been referring to an action for loss of consortium by a wife based upon willful wrong because there were no decisions at the time of the Moberg ruling which supported recovery by the wife for loss of consortium on the basis of negligence only.

Another case by the Supreme Court of South Dakota is Swanson v. Ball, 67 S. D. 161, 290 N.W. 482. Suit was for loss of consortium based upon sale of intoxicating liquor to plaintiff's husband, contrary to law and over plaintiff's protest and repeated request to the defendant not to make such sales. Again we have a case of willful wrong to the plaintiff. The court held the plaintiff had a cause of action. In so holding it used this language:

"The decisions that we have just referred to we believe conclusively establish the law in this instant case to the effect that independent of any specific statute the wife has a cause of action against anyone wrongfully interfering with the marital relationship regardless of the agency or instrumentality employed to inflict the loss. * * *

"The right of the wife to the consortium of the husband is one of her personal rights * * *." 290 N.W. loc. cit. 483.

The foregoing language is susceptible of interpretation as support for plaintiff's case as pleaded if isolated from the text, but in view of the case which was before the court, in so far as plaintiff's pleading is concerned, we cannot take this language as indicating the rule of South Dakota with respect to the right of a wife to recover for loss of consortium by reason of a negligent injury to the husband to be any different from the rule announced in other jurisdictions considering the question.

The court said in the Erie case that there is no federal common law. There have been declarations to the contrary. Perhaps a more correct statement would be that there is no federal common law in diversity cases.

The law on the question now before the court can be stated very simply. It is that outside of the District of Columbia, in the cases which have passed upon the question of a wife's right to maintain a suit for loss of consortium based on negligence, the holdings are that plaintiff cannot maintain the action. This status of the law is recognized in the Hitaffer case. Plaintiff by brief admits her legal predicament in that respect.

■ We do not have the right to make a legal ruling, as the law for the State of South Dakota, independent of what we believe the law is, based on the decisions of other states in the Union. Since we cannot find a single decision supporting plaintiff's position,[2] and many against the plaintiff's claim, we feel compelled to follow the state authorities in the absence of controlling authority from the State of South Dakota. Therefore we hold that the allegations of the answer entitled "First Defense" are good and cannot be stricken on plaintiff's motion.

As to the second assignment, the statutes of South Dakota admit of but one interpretation regarding the right to maintain suits against an employer, based on injury to an employee. The pertinent provisions of the South Dakota Code read as follows:

"64.0103 * * * As to all cases subject to the provisions of this title, the compensation provided by this title shall be the measure of responsibility which the employer has assumed for injuries to or death of any employee."

"64.0104 * * * The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death."

■ These two sections should be read together. So read we think their meaning is plain if we give the terms used their ordinary and customary meaning. The first section expressly restricts the employer's "measure of responsibility" for injuries to any employee. By this action the plaintiff is seeking to extend the measure of responsibility of the employer for an injury to an employee beyond the provisions of the Act. This, plaintiff cannot do.

The second section of the Compensation Act states that the rights and remedies provided by the Workmen's Compensation Act on account of personal injuries arising out of the employment "shall exclude all other rights and remedies" not only of the employee but of his personal representatives, dependents, and next of kin on account of such injury. The plaintiff, as a "dependent" of an employee, with injuries sustained by the employee in the course of his employment as the only basis of her suit, (and as "next of kin") comes within the list of those excluded from "all other rights and remedies."

The case of Underwood v. United States, 207 F.2d 862, 863, decided at the September Term of the Court of Appeals for the Tenth Circuit, is in point. It presents a stronger case for plaintiff than is before this court. The husband was suing for loss of consortium, which he may generally do, absent a situation covered by Workmen's Compensation Act. In the Underwood case the husband sued the Government under the Tort Claims Act to recover damages for the loss of his wife's consortium, services, companionship and society. The Federal Compensation Act is very similar to that of the State of South Dakota. Plaintiff in the Underwood case made the same argument that plaintiff makes in this case, that the Compensation Act was not "intended to bar a separate and independent common law claim for loss of consortium", but without avail.

Again we are faced with our role as a state court, in a diversity case, and passing on a question of substantive or state statutory law. We will not repeat what has already been said on that subject.

We hold that that part of the answer entitled "For a Third Defense" is relevant to the issues raised in the complaint and, if the facts of the case, as to plaintiff's husband being injured while an employee of defendant, and injured in the course of his employment, and while un-

der the Compensation Act, are as set forth in the answer, the third defense sets forth grounds for complete relief from liability.