[S. F. No. 19912.   In Bank.   July 31, 1958.]

ELOYCE DESHOTEL, Appellant, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Respondents.

James A. Myers and D. W. Brobst for Appellant.

Robert W. Walker, William J. Hayes, Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Respondents.

GIBSON, C. J.—Plaintiff's husband was severely injured when a taxicab in which he was a passenger collided with a train. He sued the railway company, the taxicab company, the train engineer, and the cab driver, obtaining a judgment in the amount of $290,000, which was affirmed on appeal (*Deshotel* v. *Atchison, T. & S. F. Ry. Co.*, 144 Cal.App.2d 224 [300 P.2d 910]). During the pendency of that action plaintiff brought this suit against the same defendants. She alleged that as a result of their negligence her husband was injured in such a manner that she "has been denied his care, protection, consideration, companionship, aid, and society" and that "by reason of the loss of the consortium of her husband" she has been damaged in the sum of $100,000. A general demurrer by the railway company and the engineer was sustained without leave to amend, and plaintiff has appealed from the ensuing judgment.*

The sole question presented is whether a wife whose husband has been injured as the result of the negligence of a third person may maintain an action for loss of "consortium," a term which is used in this opinion to refer to the noneconomic aspects of the marriage relation, including conjugal society, comfort, affection, and companionship. The question is one of first impression in this state, but it has been answered by the courts in many other jurisdictions. In England and in the vast majority of American jurisdictions the wife has been denied the right to recover for loss of consortium. (*Best* v. *Samuel Fox & Co., Ld.* [Eng.], (1952) A.C. 716; *Filice* v. *United States* (1954), 217 F.2d 515, 517; *Josewski* v. *Midland Constructors, Inc.* (1953), 117 F.Supp. 681; *Jeune* v. *Del E. Webb Const. Co.* (1954), 77 Ariz. 226 [269 P.2d 723]; *Franzen* v. *Zimmerman* (1953), 127 Colo. 381 [256 P.2d 897]; *Giggey* v. *Gallagher Transp. Co.* (1937), 101 Colo. 258 [72 P.2d 1100]; *Ripley* v. *Ewell* (Fla., 1952), 61 So.2d 420; *Brown* v. *Kistleman* (1912), 177 Ind. 692 [98 N.E. 631, 40 L.R.A.N.S. 236]; *Cravens* v. *Louisville & N.R. Co.* (1922), 195 Ky. 257 [242 S.W. 628]; *Coastal Tank Lines* v. *Canoles* (1955), 207 Md. 37 [113 A.2d 82, 86-88]; *Emerson* v. *Taylor* (1918), 133 Md. 192 [104 A. 538, 5 A.L.R. 1045]; *Hartman* v. *Cold Springs Granite Co.* (1956), 247 Minn. 515 [77 N.W.2d 651]; *Stout* v. *Kansas City Terminal Ry. Co.* (1913), 172 Mo.App. 113

---

*The taxicab company and its driver are not mentioned in the judgment or the notice of appeal, and the record does not disclose the status of the case with respect to them.

[157 S.W. 1019]; *Bernhardt* v. *Perry* (1918), 276 Mo. 612 [208 S.W. 462, 13 A.L.R. 1320]; *Larocca* v. *American Chain & Cable Co.* (App.Div., 1952), 23 N.J.Super. 195 [92 A.2d 811, 812-814]; *Tobiassen* v. *Polley* (1921), 96 N.J.L. 66 [114 A. 153]; *Don* v. *Benjamin M. Knapp, Inc.* (1953), 281 App. Div. 893 [119 N.Y.S.2d 801] (affd., 306 N.Y. 675 [117 N.E.2d 128]); *Smith* v. *Nicholas Bldg. Co.* (1915), 93 Ohio St. 101 [112 N.E. 204, L.R.A. 1916E 700, Ann.Cas. 1918D 206]; *Nelson* v. *A. M. Lockett & Co.* (1952), 206 Okla. 334 [243 P.2d 719]; *Howard* v. *Verdigris Valley Electric Cooperative, Inc.* (1949), 201 Okla. 504 [207 P.2d 784]; *Garrett* v. *Reno Oil Co.* (Tex.Civ.App., 1954), 271 S.W.2d 764; *Nickel* v. *Hardware Mutual Cas. Co.* (1955), 269 Wis. 647 [70 N.W.2d 205].) As noted in a large number of these cases, the withholding of such a right from the wife at common law was due to the fact that she was regarded as not having suffered a compensable injury rather than to her disqualification from suing in her own name, which was removed by passage of Married Women's Acts.

With the exception of a North Carolina decision, subsequently overruled (*Hipp* v. *E. I. Dupont de Nemours & Co.,* 182 N.C. 9 [108 S.E. 318, 18 A.L.R. 873], overruled by *Hinnant* v. *Tide Water Power Co.,* 187 N.C. 288 [126 S.E. 307, 37 A.L.R. 889]), the right of the wife to recover for loss of consortium caused by negligence was not recognized until 1950, when the case of *Hitaffer* v. *Argonne Co.,* 183 F.2d 811, held she was entitled to relief.* A few decisions have followed the Hitaffer case. (*Cooney* v. *Moomaw,* 109 F.Supp. 448; *Missouri Pacific Transp. Co.* v. *Miller,* 227 Ark. 351 [299 S.W.2d 41, 45 et seq.]; *Brown* v. *Georgia-Tennessee Coaches,* 88 Ga.App. 519 [77 S.E.2d 24]; *Acuff* v. *Schmit,* 248 Iowa 272 [78 N.W.2d 480].) However, most courts which have considered the problem since 1950 have followed the majority rule and have refused to permit the wife to maintain an action of this type.

In a number of jurisdictions where the wife has not been allowed recovery, the husband is given such a right if his wife is negligently injured. (See Prosser on Torts (2d ed. 1955), 701 et seq.; Rest., Torts, § 693; 133 A.L.R. 1156, 1157; 23 A.L.R.2d 1378, 1380.) Plaintiff argues, in effect, that the courts which withhold relief from the wife have relied upon medieval concepts of the marriage relation, that in modern

---

*The Hitaffer case was subsequently overruled on another point. (*Smither & Co., Inc.* v. *Coles,* 242 F.2d 220.)

times the marital status of the wife has changed, placing her in a position equal to that of her husband, and that there is no longer any reason to refuse her the kind of redress which he may obtain. Some jurisdictions, however, have denied recovery to the husband as well as to the wife. (*Lockwood* v. *Wilson H. Lee Co.*, 144 Conn. 155 [128 A.2d 330, 331]; *Bolger* v. *Boston Elevated Ry. Co.*, 205 Mass. 420 [91 N.E. 389]; *Blair* v. *Seitner Dry Goods Co.*, 184 Mich. 304 [151 N.W. 724, 726-727, L.R.A. 1915D 524, Ann.Cas. 1916C 882]; *Helmstetler* v. *Duke Power Co.*, 224 N.C. 821 [32 S.E.2d 611, 613].) The law in California with respect to the right of the husband is not settled. In *Meek* v. *Pacific Electric Ry. Co.*, 175 Cal. 53, 56 [164 P. 1117], it was said that damages could not be obtained by a husband for the loss of his wife's "society, or what is termed the *consortium*." This statement was rejected as "inadvertent dictum" in *Gist* v. *French*, 136 Cal.App.2d 247 [288 P.2d 1003], which held that a husband whose wife had been negligently injured could recover not only for the loss of services but also for the loss of cohabitation and society. We agree that the quoted statement in the Meek case is dictum, but a statement in the Gist case which indicates that the wife may recover for loss of consortium resulting from a negligent injury to her husband is also dictum (see 136 Cal.App. 2d 247, 257), and, for the reasons hereafter given, the language in the Gist case relating to the wife's rights is disapproved.

It is clear that the granting of relief to the wife for loss of consortium caused by negligent injury to her husband would constitute an extension of common law liability, and the courts are justifiably reluctant to depart from established limitations on recovery. Obviously, such an extension would also involve problems of policy or procedure. A judgment obtained by a husband after he is injured by a third person might include compensation for any impairment of his ability to participate in a normal married life, and, if his wife is allowed redress for loss of consortium in a separate action, there would be danger of double recovery. Any harm she sustains occurs only indirectly as a consequence of the defendant's wrong to the husband, and the measurement of damage for the loss of such things as companionship and society would involve conjecture since their value would be hard to fix in terms of money. Moreover, if a cause of action in the wife were recognized on the basis of the intimate relationship existing between her and her husband, other persons having a close relationship to the one injured, such as a child or

parent, would likely seek to enforce similar claims, and the courts would be faced with the perplexing task of determining where to draw the line with respect to which claims should be upheld. Another difficulty is that judicial, as distinguished from statutory, recognition of the wife's cause of action would operate retroactively and might work hardship upon persons who, in reliance upon the common law rule, have made settlement with the husband, believing that the wife could not sue.

In our view the Legislature rather than the courts can best deal with these problems. For example, the Legislature, if it found this type of suit to be desirable, could define the extent of the liability, designate who may maintain the action, and provide safeguards against the danger of double recovery, such as a requirement that there be a joinder of the person directly injured and the one consequentially harmed. The Legislature could also specify whether the proceeds should belong to the plaintiff alone or to both spouses. (*Cf*. Civ. Code, § 163.5, declaring that damages awarded a married person for personal injuries are the separate property of such person.) Some of the objections noted above with respect to an action by the wife apply with equal force to one brought by the husband, but a husband's claim is not before us, and we need not determine whether such a claim should be allowed. Clarification by statute as to both the husband and the wife would, of course, be preferable to piecemeal determination of the problems by judicial decision.

The cases of *Work* v. *Campbell*, 164 Cal. 343 [128 P. 943, 43 L.R.A.N.S. 581], and *Follansbee* v. *Benzenberg*, 122 Cal. App.2d 466 [265 P.2d 183, 42 A.L.R.2d 832], are not inconsistent with our conclusions. In the Work case the defendant, with the intention of causing the plaintiff and her husband to separate, knowingly made false statements to the wife about the husband, inducing her to treat him harshly, with the result that he left her and she was permanently deprived of his society, affection, and support. The case thus did not concern negligent injury to the husband with indirect damage to the wife but, instead, involved conduct which was actionable because it was designed to inflict direct harm upon her. The Follansbee case is also readily distinguishable. The recovery there permitted was not for loss of consortium but for medical expenses which the plaintiff wife had paid when her husband was negligently injured. The wife was obligated by statute to pay such expenses, and the relief granted was

for a measurable economic loss that she was required to bear as a result of the defendant's wrong.

Nor are the decisions in point which hold that in an action for wrongful death loss of the decedent's society, comfort, and protection may be considered as a factor in determining damages. (*Blackwell* v. *American Film Co.*, 189 Cal. 689, 700-701 [209 P. 999]; *Beeson* v. *Green Mountain G.M. Co.*, 57 Cal. 20, 38-39; *Newton* v. *Thomas*, 137 Cal.App.2d 748, 769-770 [291 P.2d 503]; *Burke* v. *City & County of San Francisco*, 111 Cal.App.2d 314, 322 [244 P.2d 708].) These cases were decided under section 377 of the Code of Civil Procedure, which created a cause of action not recognized at common law. (*Earley* v. *Pacific Electric Ry. Co.*, 176 Cal. 79, 81 [167 P. 513, L.R.A. 1918A 997].)

The Legislature has not seen fit to alter the common law rule that the wife cannot recover for the loss of consortium resulting from a negligent injury to her husband, and we are of the opinion that any departure from the overwhelming weight of authority in support of that rule should be left to legislative action.

The judgment is affirmed.

Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The holding in the majority opinion that a wife may not recover for loss of consortium resulting from a negligent injury to her husband is a denial of equal protection of the laws.

It was held in *Gist* v. *French*, 136 Cal.App.2d 247 [288 P.2d 1003] that a husband may recover for loss of consortium resulting from a negligent injury to his wife. This court unanimously denied a hearing on December 14, 1955. The statement in the majority opinion that "The law in California with respect to the right of the husband is not settled" would appear to ignore the very definite holding in the Gist case that the husband may recover for the loss of his wife's consortium since only the statement therein concerning the *wife's* cause of action for loss of her husband's consortium is disapproved.

There is no sound reason for denying either husband or wife a right of recovery for the loss of consortium of the spouse. "The parties to a marriage are each entitled to the comfort, companionship and affection of the other. Any inter-

ference with the right of either spouse to the enjoyment of the other is a violation of a natural right as well as a legal right arising from the marriage relation.'' (*Gist* v. *French,* 136 Cal.App.2d 247, 257 [288 P.2d 1003].) In California ''A married woman may be sued without her husband being joined as a party, and may sue without her husband being joined as a party in all actions, including those for injury to her person . . .'' and for injury to her reputation, etc. (Code Civ. Proc., § 370.) The statement in the majority opinion that the ''granting of relief to the wife for loss of consortium caused by negligent injury to her husband would constitute an extension of common law liability'' ignores the present-day status of the wife and her emancipation from old-world concepts that the wife was but a chattel of the husband without either feelings to be injured or rights to be considered. That the plaintiff in the case at bar has suffered a complete loss of consortium there can be no doubt. She has been deprived of her husband's companionship, of his society as a husband, of her right to bear children. In place of a healthy, normal husband she now has a hopelessly bedridden invalid. Insofar as loss of consortium is concerned there appears to be very little difference, if any, from the wife's loss of her husband as set forth in *Work* v. *Campbell,* 164 Cal. 343 [128 P. 943, 43 L.R.A.N.S. 581]. In the Work case the wife lost her husband because of false statements knowingly made by defendant to the wife about the husband. This case is ''distinguished'' by the majority on the ground that ''negligent injury'' with ''indirect damage'' to the wife was not involved. It is interesting to note in this regard that this court, in the Work case, specifically noted (164 Cal. at p. 346) that ''The *direct cause* of her husband's departure was, of course, *her own conduct toward him,* and such departure was in no degree brought about by any statement or act of the defendant, except in so far as his statements and advice to the plaintiff influenced her conduct toward her husband, which was the *sole direct cause* of his leaving, and of any change in his feelings toward her.'' (Emphasis added.) It is clear that the defendant's conduct in the Work case only *indirectly* caused the wife to lose her husband's consortium. ''As to those authorities which hold that the injury to the wife is not compensable because it is indirect, we simply state that if that be so then it would likewise be true in the husband's suit. But such is not the rule here. Invasion of the consortium is an independent wrong directly to the spouse so

injured. The mere fact that the loss of one or the other of the elements thereof may have been indirectly redressed in another's suit, does not make the injury to the remaining elements any less direct.

"The argument that the injuries of which a wife complains are too remote and consequential fails for two reasons. In the first place, we are committed to the rule in negligence cases that where in the natural and continual sequence, unbroken by any intervening cause, any injury is produced which, but for the negligent act would not have occurred, the wrongdoer will be liable. And it makes no difference whether or not that particular result was foreseeable. Secondly, if such a rule were valid there could be no basis for distinguishing between an action by a husband and one by the wife. In both cases the damages for the sentimental elements would be too remote and consequential; and yet we do not apply such a rule in the husband's action." (*Hitaffer* v. *Argonne Co.*, 183 F.2d 811, 815; and see *Warner* v. *Santa Catalina Island Co.*, 44 Cal. 2d 310, 319 [282 P.2d 12]; *Stasulat* v. *Pacific Gas & Elec. Co.*, 8 Cal.2d 631 [67 P.2d 678]; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 219 [157 P.2d 372, 158 A.L.R. 872]; *Sawyer* v. *Southern Calif. Gas Co.*, 206 Cal. 366 [274 P. 544].) There would seem to be no sound reason for distinguishing the two cases: In both the wife lost her husband and her right to his consortium. It is the injury which is the important thing and not the way in which it was caused by the defendant. If a wife's body is injured, she has a right of action for the negligent conduct of the defendant causing the injury. In the case at bar, the negligent conduct of the defendants caused her to lose all rights to her husband's consortium and the injury should be compensable. In *Hitaffer* v. *Argonne Co.*, 183 F.2d 811, 817, the court said: "There can be no doubt, therefore, that if a cause of action in the wife for the loss of consortium from alienation of affections or criminal conversation is to be recognized it must be predicated on a legally protected interest. Now then, may we say that she has a legally protected and hence actionable interest in her consortium when it is injured from one of these so-called intentional invasions, and yet, when the very same interest is injured by a negligent defendant, deny her a right of action? It does not seem so to us. Such a result would be neither legal nor logical. On the contrary, it has already been held in this jurisdiction that her interest in the marriage relation is coextensive with that of her husband, and that any interference therewith is a

violation of her legal rights. When a legally protected interest of a person has been injured by the wrongful act of another, it is no less actionable because the invasion was negligent rather than intentional.''

The reasoning found in the majority opinion concerning the ''problems'' of policy or procedure which might arise is no less fallacious and unsound. Why should the injury suffered by the wife be any more difficult to compute in monetary damages than the same injury to the husband? ''Like actions for pain and suffering, no definite rule can be prescribed for the measurement of the loss of his wife's society. The value of such loss must be determined by the triers of fact in the exercise of a sound discretion in the light of their own experience, observation and reflection. (*Robison* v. *Lockridge*, 230 App.Div. 389 [244 N.Y.S. 663]. See also *Hagy* v. *Allied Chemical & Dye Corp.*, 122 Cal.App.2d 361, 374 [265 P.2d 86] ; *Edminster* v. *Thorpe*, 101 Cal.App.2d 756, 759 [226 P.2d 373].)'' (*Gist* v. *French*, 136 Cal.App.2d 247, 256 [288 P.2d 1003].) ''This result poses no problems in ascertaining the wife's damages. Simple mathematics will suffice to set the proper *quantum*. For inasmuch as it is our opinion that the husband in most cases does recover for any impairment of his duty to support his wife, and, since a compensable element of damages must be subject to measure, it is a simple matter to determine the damages to the wife's consortium in exactly the same way as those of the husband are measured in a similar action and subtract therefrom the value of any impairment of his duty of support.'' (*Hitaffer* v. *Argonne Co.*, 183 F.2d 811, 819.)

I am not impressed with the argument of the majority that if this court recognizes that the wife has a cause of action for the loss of her husband's consortium the parents or children might ''seek to enforce similar claims.'' Consortium, as the term is known in the law, refers to the ''conjugal fellowship of *husband and wife,* and the right of each to the company, cooperation, affection, and aid of the other in every conjugal relation.'' (Black's Law Dictionary, fourth ed.; *McMillan* v. *Smith*, 47 Ga.App. 646 [171 S.E. 169, 170] ; *Shedrick* v. *Lathrop*, 106 Vt. 311 [172 A. 630, 632] ; *Harris* v. *Kunkel*, 227 Wis. 435 [278 N.W. 868, 869] ; *Hitaffer* v. *Argonne Co.*, 183 F.2d 811; *Gist* v. *French*, 136 Cal.App.2d 247 [288 P.2d 1003].) It would seem, therefore, that neither a parent nor a child could seek to enforce the right of consortium.

I am also not impressed with the argument in the majority opinion that to allow the wife to recover for her right of consortium might "work hardship" upon persons who had made settlement with the husband "believing that the wife could not sue." Undoubtedly the applicable statute of limitation would take care of such "retroactive operation" so that those causing the injury to the wife's consortium would not be subjected to "hardship." Furthermore, the same argument could be made with respect to the husband's cause of action for the loss of his wife's consortium. Since in this state the wife has a right to sue for her own personal injuries and since she has the right to contract with others as if unmarried (Civ. Code, § 158) she, too, might agree to settle with the wrongdoer. No case has come to my attention where undue hardship, or any hardship for that matter, has been caused the wrongdoer since the decision in *Gist* v. *French,* 136 Cal.App.2d 247 [288 P.2d 1003], where the husband was permitted to recover for the loss of his wife's consortium.

The actual injury to the wife from loss of consortium, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives each the same rights in that regard. Each is entitled to the comfort, companionship, and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract (Civ. Code, § 155; *Follansbee* v. *Benzenberg,* 122 Cal.App.2d 466 [265 P.2d 183, 42 A.L.R.2d 832]), are mutual in character, and attach to the husband as husband and to the wife as wife. Any interference with these rights, whether of the husband or of the wife, is a violation, not only of natural right, but also of a legal right arising out of the marriage relation. Since the wrongs of the wife are the same in principle, and are caused by acts of the same nature, as those of the husband, the remedy should be the same. (*Hitaffer* v. *Argonne Co.,* 183 F.2d 811, 816.) It follows, logically and legally, that, since the husband and wife have equal rights in this state, if one has a remedy for the invasion of a right, the other should have the same remedy. To hold otherwise as does the majority is a denial of the equal protection of the laws guaranteed by both the federal and state Constitutions.

The reasoning in the majority opinion is neither logical nor sound, and the defendants' demurrer to plaintiff's complaint should be overruled.