**Nicholas SMITH and Jennifer Lynn Taylor–Smith, Plaintiffs,**

v.

**Northrop GRUMMAN, a Delaware corporation, and Doe 1 through Doe 10, Defendant.**

Case No.: 5:13–CV–03942–EJD

United States District Court, N.D. California, San Jose Division.

Signed 07/25/2014

George S. Duesdieker, Law Office of George Duesdieker, Menlo Park, CA, for Plaintiffs.

Michael A. Hoffman, III, Ronald D. Arena, Arena Hoffman LLP, San Francisco, CA, for Defendant.

**[Re: Docket No. 4]**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

EDWARD J. DAVILA, United States District Judge

Presently before the court is Defendant Northrop Grumman Corporation's ("Defendant") Motion to Dismiss Plaintiff Jennifer Lynn Taylor–Smith's ("Mrs.Smith") Sixth Cause of Action for loss of consortium. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the hearing. Having reviewed the parties' briefing, and for the following reasons, the court GRANTS Defendant's Motion.

## I. Background

Defendant is a Delaware corporation operating worldwide with over 65,000 employees, specializing in developing and manufacturing global aerospace and defense technology. In May 2009, Defendant hired Plaintiff Nicholas Smith ("Mr. Smith") (together with Mrs. Smith, "Plaintiffs") as a "B" welder. Complaint of Mr. and Mrs. Smith ("Compl.") ¶ 4, Docket Item No. 1 Ex. A. Two years later, Mr. Smith suffered a non-industrial motorcycle accident which left him a quadriplegic. Compl. ¶ 4, Dkt. No. 1 Ex. A. Due to the accident, Mr. Smith could no longer perform his duties as a welder. *Id.* However, Mr. Smith identified other jobs he could perform for Defendant with his skills and knowledge, notwithstanding his disability. Mr. Smith wrote to Defendant on June 19, 2012, asserting his availability for work. *Id.* Despite Mr. Smith's letter, Defendant released Mr. Smith from employment.

On July 15, 2013 Plaintiffs filed suit in Santa Clara County Superior Court alleging, *inter alia,* disability discrimination and loss of consortium arising from Defendant's alleged discriminatory termination of Mr. Smith. On August 23, 2013, Defendant removed the case to this court on the basis of diversity. Notice of Removal ¶ 5, Docket Item No. 1. One week later, Defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that the Complaint fails to state sufficient facts to sustain Mrs. Smith's cause of action for loss of consortium. Def. Mot. to Dismiss ("MTD") 1, Docket Item No. 4. The court now turns to the substance of that motion.

## II. Legal Standard

### a. Rule 12(b)(1) Standard

"A party invoking the federal court's jurisdiction has the burden of prov-

ing the actual existence of subject matter jurisdiction." *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir.1996). To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file a Rule 12(b)(1) motion, which may be either facial or factual in nature. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004). A facial 12(b)(1) motion involves an inquiry limited to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Id.* When a defendant makes a facial challenge, all material allegations in the complaint are assumed to be true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.,* 594 F.2d 730, 733 (9th Cir.1979). In contrast, when a defendant makes a factual challenge, the court determines whether it has jurisdiction by resolving factual disputes as to its existence; in doing so the court need not presume that the plaintiff's allegations are true. *Fraley v. Facebook, Inc.,* 830 F.Supp.2d 785, 793 (N.D.Cal.2011). Rather, "once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004) (citing *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In the absence of a full-fledged evidentiary hearing, however, disputed facts relevant to subject matter jurisdiction are viewed in the light most favorable to the non-moving party. *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir.1996). Disputed facts relating to subject matter jurisdiction should be treated as they

would in a motion for summary judgment. *Id.*

### b. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. When deciding whether to grant a Rule 12(b)(6) motion, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001).

In considering a Rule 12(b)(6) motion, the court accepts as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court also construes the alleged facts in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1988). Nevertheless, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation omitted).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (internal citations omitted); Fed. R. Civ. Proc. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short

of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S.Ct. 1937. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955.

## III. Discussion

Loss of consortium aims "to compensate for the loss of [ ] companionship, affection and sexual enjoyment of one's spouse, and it is clear that these can be lost as a result of psychological or emotional injury as well as from actual physical harm." *Molien v. Kaiser Found. Hosp.,* 27 Cal.3d 916, 932, 167 Cal.Rptr. 831, 616 P.2d 813 (1980) (quoting *Agis v. Howard Johnson Co.,* 371 Mass. 140, 146, 355 N.E.2d 315 (1976)). To state a claim for loss of consortium, a "marital spouse must allege that their partner suffered an injury that is 'sufficiently serious and disabling to raise the inference that the conjugal relationship is more than superficially or temporarily impaired.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.,* 515 F.3d 1019, 1039 (9th Cir. 2008) (quoting *Molien,* 27 Cal.3d at 932–33, 167 Cal.Rptr. 831, 616 P.2d 813). While a physical injury may be more obvious, "a marital relationship can be grievously injured when one spouse suffers a traumatically induced neurosis, psychosis, chronic depression, or phobia." *Anderson v. Northrop Corp.,* 203 Cal.App.3d 772, 780, 250 Cal.Rptr. 189 (1988) (quoting *Molien,* 27 Cal.3d at 933, 167 Cal.Rptr. 831, 616 P.2d 813). A claim for loss of consortium does not stand on its own, but is recognized as a "derivative of other injuries [ ] not an inju-

ry in and of itself." *Thomsen v. Sacramento Metro. Fire Dist.,* No. 2:09–CV–01108 FCD, 2009 WL 8741960, at *13 (E.D.Cal. Oct. 20, 2009) (internal citation and quotations omitted).

Plaintiffs argue that Defendant's alleged discriminatory termination of Mr. Smith following his motorcycle accident caused loss of consortium to Mrs. Smith. Compl. ¶ 32, Dkt. No. 1 Ex. A. Plaintiffs contend that the California Fair Employment and Housing Act ("FEHA") provides "sufficient public policy against disability discrimination claims to support a public policy tort claim" for Mrs. Smith and that her claim stems solely from this public policy tort violation. Pl. Opp'n to Mot. to Dismiss ("Opp'n") 2, Docket Item No. 12. Defendant moves to dismiss, arguing first, that California does not recognize a separate cause of action for loss of consortium in employment discrimination actions and second, that Plaintiffs' Complaint lacks substantive allegations showing that the Smith's marital relationship was more than superficially impaired, or even if so, that Defendant proximately caused Mrs. Smith's loss of consortium. *See* MTD, Dkt. No. 4.

### a. FEHA Does Not Allow Private Action by Spouses in Employment Discrimination Claims

Plaintiffs attempt to predicate Mrs. Smith's loss of consortium claim on a violation of public policy under the FEHA. Through the FEHA the California Legislature has declared, as a matter of public policy, the need to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination, including discrimination on the basis of disability. Cal. Gov.Code § 12920 (2014). The FEHA establishes a comprehensive scheme for combating and eliminating employment discrimination.

*Brown v. Super. Ct.*, 37 Cal.3d 477, 485, 208 Cal.Rptr. 724, 691 P.2d 272 (1984). "In order to recover under the discrimination for employment provisions of the FEHA, the aggrieved plaintiff must be an employee." *Shephard v. Loyola Marymount Univ.,* 102 Cal.App.4th 837, 842, 125 Cal.Rptr.2d 829 (2002).

 Plaintiffs' loss of consortium claim cannot flow from a FEHA claim because the FEHA provides protection for "employees," not their spouses. *See Mendoza v. Town of Ross,* 128 Cal.App.4th 625, 637, 27 Cal.Rptr.3d 452 (2005) (upholding trial court's dismissal of complaint on demurrer to plaintiff's claim that he was wrongfully terminated in breach of public policy and discrimination in violation of the FEHA was proper because plaintiff was not an employee). Under the FEHA, an employee's termination, even if unlawful, does not create liability to a non-employee spouse for loss of consortium. *See Hardin v. Wal–Mart Stores, Inc.,* 813 F.Supp.2d 1167, 1180 (E.D.Cal.2011) ("In the absence of some indication that the spouse's benefits were specifically part of the contract, the courts will not allow spouses to sue employers under a third party beneficiary theory as the default law."). Furthermore, courts have rejected the concept of third party or bystander liability under the FEHA in the context of employment discrimination suits. *See Medrano v. Genco Supply Chain Solutions,* No. 1:10–CV–01555 LJO, 2011 WL 92016, at *12 (E.D.Cal: Jan. 11, 2011) (holding that no viable claim under the FEHA exists when a former employee sues for sexual harassment directed toward other coworkers and his spouse, though not at him). Considering this authority, Plaintiffs cannot, as a matter of law, assert a loss of consortium cause of action under the FEHA.

**b. Plaintiffs Do Not Have a Cause of Action for Loss of Consortium Based on the Employment Discrimination Claim under California Common Law**

 Plaintiffs' loss of consortium claim also fails under California common law. In California, each spouse has a cause of action for loss of consortium caused by a negligent or intentional injury to the other spouse by a third party. *Rodriguez v. Bethlehem Steel Corp.,* 12 Cal.3d 382, 408, 115 Cal.Rptr. 765, 525 P.2d 669 (1974) (overruling *Deshotel v. Atchison, T. & S.F. Ry. Co.,* 50 Cal.2d 664, 328 P.2d 449 (1958), and *West v. City of San Diego,* 54 Cal.2d 469, 6 Cal.Rptr. 289, 353 P.2d 929 (1960)). Such has been the rule since the California Supreme Court's decision in *Rodriguez,* which issued in 1974. In that case, the plaintiff wife sought to recover from her husband's former employer for loss of consortium after her husband was struck on the head while at work by a falling pipe, leaving him paralyzed below the midpoint of his chest. *Rodriguez,* 12 Cal.3d at 385–86, 115 Cal.Rptr. 765, 525 P.2d 669. The California Supreme Court conducted an exhaustive review of third party liability for loss of consortium and ultimately overruled precedent that precluded one spouse's recovery for loss of consortium as a result of the other spouse's injury. *Id.* at 385, 115 Cal.Rptr. 765, 525 P.2d 669. In doing so, the court relied on two propositions, first, an extension of the court's holding in *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), where California acknowledged liability to a bystander parent who witnessed the serious bodily injury of a child and, second, the movement by other states of recognizing loss of consortium as a common law tort remedy. *Rodriguez,* 12 Cal.3d at 389–93, 399, 115 Cal.Rptr. 765, 525 P.2d 669. In dealing with the issue of whether or not the wife's loss of consor-

tium was too indirect of an injury to be compensated, the court decided that third party liability may be found when the third party negligently causes a severely disabling injury to an adult who they may reasonably expect is married and that his or her spouse would be adversely affected by the injury. *Id.* at 400, 115 Cal.Rptr. 765, 525 P.2d 669.

■ Here, Plaintiffs rely on *Rodriguez* in an attempt to expand third party liability for loss of consortium to employers accused of employment discrimination. In *Rodriguez* the employer-tortfeasor proximately caused a devastating physical injury to the plaintiff's spouse. Here, Mr. Smith suffered a devastating physical injury outside of work and Defendant, his employer, subsequently terminated him. Mrs. Smith points to this allegedly discriminatory termination, and not the motorcycle accident, as the requisite severely disabling injury supporting her loss of consortium claim.

Plaintiffs' attempted expansion of *Rodriguez* is unpersuasive. While the common law reasoning of *Rodriguez* might apply to a factual scenario in which the employer negligently caused a severely disabling injury to an employee, it does not follow that its legal underpinnings be expanded to apply in the context of employment discrimination claims involving alleged emotional harm. Indeed, courts have ruled that emotional disquiet arising from termination of employment does not reach the level of "neurosis, psychosis, chronic depression, or phobia sufficient to substantially disturb the marital relationship on more than a temporary basis." *Anderson,* 203 Cal.App.3d at 780, 250 Cal.Rptr. 189 (internal citation and quotations omitted); *see Maffei v. Allstate Cal. Ins. Co.,* 412 F.Supp.2d 1049, 1058 (2006) (plaintiffs' loss of consortium claim arising from termination of employment is not sufficiently serious or disabling as to raise the inference that the conjugal relationship was more than superficially or temporarily impaired). Further, Plaintiffs' pleadings fail to cite a single case recognizing an emotional injury arising from employment discrimination as sufficient to support a loss of consortium claim. Accordingly, this Court declines to find a cause of action for loss of consortium for the spouse of an employee claiming employment discrimination.

### c. Plaintiffs Do Not Allege Substantive Facts to Establish Plausible Liability for Loss of Consortium Claim

Even if the Court was persuaded that a loss of consortium claim could derive from a spouse's employment discrimination claim, Plaintiffs have failed to provide sufficient factual allegations to state such a claim. Plaintiffs' allegations, as contained in the Complaint, do not give rise to a loss of consortium claim under the theory that Mr. Smith's termination caused emotional disquiet rising to the level of "neurosis, psychosis, chronic depression, or phobia" sufficient to considerably disturb the marital relationship. *Anderson,* 203 Cal. App.3d at 780, 250 Cal.Rptr. 189 (quoting *Molien,* 27 Cal.3d at 933, 167 Cal.Rptr. 831, 616 P.2d 813). In *Anderson,* the Court of Appeal affirmed the trial court's dismissal of complaint on demurrer to wife's cause of action for loss of consortium arising from the allegedly wrongful termination of plaintiff's husband by his former employer. *Id.* at 774, 250 Cal.Rptr. 189. The court reasoned that the termination of her husband's employment did not rise to the level of psychological harm "sufficient to substantially disturb the marital relationship on more than a temporary basis." *Id.* at 780, 250 Cal.Rptr. 189. The court held that the non-employee wife "failed to plead facts sufficient to establish a significant impairment of [the husband's] partic-

ipation in the marital relationship." *Id.*; *see also Winters v. Jordan*, No. 2:09–CV–00522 KJN, 2010 WL 3000192, at *12 (E.D.Cal. July 27, 2010) (dismissing plaintiffs' loss of consortium claim for failure to plead facts showing that conjugal and marital relationship was more than temporarily affected by alleged tort).

■ Similarly here, Plaintiffs have failed to include the requisite factual allegations sufficient to state a loss of consortium. As described in the previous section, the injury alleged in this action stems solely from Mr. Smith's termination of employment, not his motorcycle accident, and thus is one of mental, not physical, injury. Yet Plaintiffs' pleadings fail to sufficiently describe the psychological injury or mental harm as a result of Mr. Smith's termination in their loss of consortium cause of action. Moreover, the pleadings lack substantive allegations showing that any mental injury that Mr. Smith sustained as a result of his termination caused any severe impairment of the marital relationship.

■ Additionally, the allegations that Plaintiffs do provide do not, under these circumstances, state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Defendant terminated Mr. Smith's employment following his disabling accident. In their Complaint, Plaintiffs avoid addressing this accident and the likely effect it may have had` on their marital relationship. Instead, Plaintiffs attempt to establish a nexus solely between Defendant's termination of Mr. Smith and the effects that allegedly discriminatory termination had on their marriage. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard requires more than a sheer possibility of unlawful conduct by the defendant. *Id.* Considering the circumstances of this case and the state of the allegations, Plaintiffs' proposed nexus between the termination and loss of consortium is speculative, offering a mere possibility of proximate harm, not a reasonable inference of liability.

## IV. Conclusion

Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Sixth Cause of Action. Because the Court finds that a loss of consortium claim may not attach to an employment discrimination claim, the Court has no reason to believe that the identified deficiencies in Plaintiffs' Complaint could be cured through amendment. *See Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir.1986). Accordingly the Sixth Cause of Action is DISMISSED without leave to amend.

The court hereby sets a Case Management Conference for September 26, 2014 at 10:00 a.m. The parties shall submit a Joint Case Management Conference Statement, in accordance with this district and this court's standing orders, by no later than September 19, 2014.

**IT IS SO ORDERED.**