392 F.3d 358
 Burton H. WOLFE, Plaintiff-Appellant,
v.
Gary E. STRANKMAN; Alfred G. Chiantelli; David A. Garcia; Ronald E. Quidachay; Ronald M. George; Deborah Silva; Judicial Council of California; State of California, Defendants-Appellees.
 No. 02-15720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 2004.
 Filed December 14, 2004.
 
 COPYRIGHT MATERIAL OMITTED Brian J. Murray, Jones Day, Washington, D.C.; Burton H. Wolfe, San Francisco, CA, for the plaintiff-appellant.
 Jill Theresa Bowers, Office of the California Attorney General, Sacramento, CA; Jonathan U. Lee, City Attorney's Office of San Francisco, San Francisco, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; Saundra B. Armstrong, District Judge, Presiding. D.C. No. CV-00-01047-SBA.
 Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.
 OPINION
 WILLIAM A. FLETCHER, Circuit Judge.
 Plaintiff-Appellant Burton Wolfe seeks a declaratory judgment that California's Vexatious Litigant Statute, Cal.Civ.Proc.Code §§ 391-391.7, is unconstitutional. He also seeks injunctive relief barring enforcement of the statute. The named defendants in this case are the State of California; California's Judicial Council; California Supreme Court Chief Justice Ronald M. George, who is Chair of the Judicial Council; Justice Gary E. Strankman, Presiding Justice of the First Appellate District of the California Court of Appeal; Superior Court Law and Motions Judges David A. Garcia and Ronald E. Quidachay; Judge Alfred Chiantelli, Presiding Judge of the San Francisco Superior Court; and Ms. Deborah Silva, a court services analyst employed by the Judicial Council.[1] The district court dismissed the suit for want of subject matter jurisdiction under the Rooker-Feldman doctrine.
 We hold that Rooker-Feldman does not deprive the district court of subject matter jurisdiction. Nevertheless, we affirm the district court's dismissal of the State of California and the Judicial Council because neither is a proper party to an action brought pursuant to 42 U.S.C. § 1983. We also affirm the district court's dismissal of Justice Strankman, Judge Garcia, Judge Quidachay, and Judge Chiantelli, who, having been sued in their judicial capacities, are not proper parties to a § 1983 action.[2] We reverse the district court's dismissal of Chief Justice George and Ms. Silva, as both are proper parties at this stage of the proceedings.
 
 I. Background
 
 1
 The California legislature adopted the Vexatious Litigant Statute in 1963 to ease the "unreasonable burden placed upon the courts by groundless litigation." Wolfgram v. Wells Fargo Bank, 53 Cal.App.4th 43, 61 Cal.Rptr.2d 694, 698 (1997). The statute provides that a defendant in any state court may move the court to require a pro se plaintiff who qualifies as a "vexatious litigant"[3] to post a security bond before proceeding. Cal.Civ.Proc.Code § 391.1. The statute also allows a judge to enter a prefiling order prohibiting a vexatious litigant from filing any new pro se litigation without the permission of the presiding judge of the court where the litigant seeks to file. Id. § 391.7(a). Parties subject to prefiling orders are placed on a statewide list — "the Vexatious Litigant List" — maintained by the Judicial Council of California and disseminated to clerks of the state courts. Id. § 391.7(e). The Vexatious Litigant Statute has survived several constitutional challenges in California courts. See, e.g., Wolfgram, 61 Cal.Rptr.2d at 699-706; Childs v. PaineWebber Inc., 29 Cal.App.4th 982, 35 Cal.Rptr.2d 93, 99 (1994); In re Whitaker, 6 Cal.App.4th 54, 8 Cal.Rptr.2d 249, 250-51 (1992).
 
 
 2
 In April 1992, the Superior Court for the County of San Francisco labeled Wolfe a vexatious litigant and issued a prefiling order against him. Wolfe had filed a series of unsuccessful pro se lawsuits challenging the business practices of San Francisco taxicab companies. Wolfe remained on the vexatious litigant list for seven years. On April 19, 1999, Wolfe's name was removed from the list, and the prefiling order against him was rescinded. Between November 1999 and February 2000, Wolfe filed six pro se lawsuits in state courts.
 
 
 3
 On March 27, 2000, Wolfe brought this action in federal district court under 42 U.S.C. § 1983, challenging the constitutionality of the Vexatious Litigant Statute. He named as defendants the State of California, the Judicial Council of California, Chief Justice George, Justice Strankman, and Ms. Silva (collectively, but somewhat imprecisely, the "State Defendants"). He also named Judges Garcia, Quidachay, and Chiantelli (collectively the "Superior Court Judge Defendants"). Wolfe sued each of the individual defendants in both their individual and official capacities.
 
 
 4
 On July 27, 2001, the Superior Court Judge Defendants moved to dismiss Wolfe's complaint. They argued that the Rooker-Feldman doctrine barred jurisdiction, that Wolfe lacked Article III standing, that judicial immunity and/or the Eleventh Amendment barred suit against them, and that the district court should abstain under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). On October 26, 2001, the State Defendants also moved for dismissal, raising similar arguments.
 
 
 5
 On March 29, 2002, the district court granted both motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, pursuant to Rooker-Feldman. The court also indicated that, in the alternative, if Wolfe was involved in ongoing state court proceedings, it would abstain under Younger. Finally, the court expressed "profound doubts" as to whether Wolfe's claims could be brought against the State of California and the Judicial Council in light of state sovereign immunity.
 
 
 6
 Wolfe timely appeals. We review the district court's dismissal for lack of subject matter jurisdiction under Rooker-Feldman de novo. Noel v. Hall, 341 F.3d 1148, 1154(9th Cir.2003). We may affirm the district court's dismissal on any ground supported by the record. Ecological Rights Found. v. Pac. Lumber Co., 230 F.3d 1141, 1153 (9th Cir.2000).
 
 
 7
 II. Facial and Factual Attacks on Jurisdiction
 
 
 8
 As a preliminary matter, we note that in reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations in the plaintiff's complaint as true. Bollard v. Cal. Province of the Soc'y of Jesus, 196 F.3d 940, 944-45 (9th Cir.1999). Citing Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1558 (9th Cir.1987), the State Defendants ask us to affirm the district court's dismissal on the ground that Wolfe failed to provide evidence outside the pleadings in response to their motion to dismiss. We hold that Wolfe was not required to provide evidence outside the pleadings, because the defendants have made a facial rather than a factual attack on subject matter jurisdiction.
 
 
 9
 In Safe Air for Everyone v. Meyer, 373 F.3d 1035 (9th Cir.2004), we explained the difference between facial and factual attacks as follows: "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. at 1039. If the moving party converts "the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir.2003), cert. denied, ___ U.S. ___, 124 S.Ct. 2067, 158 L.Ed.2d 618 (2004)).
 
 
 10
 In this case, the defendants argue that the allegations in Wolfe's complaint are insufficient on their face to establish subject matter jurisdiction. Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in Wolfe's complaint. We assume Wolfe's allegations to be true and draw all reasonable inferences in his favor. See Fed.R.Civ.P. 12(b)(1); Savage, 343 F.3d at 1039 n. 1; Saridakis v. United Airlines, 166 F.3d 1272, 1274 n. 1 (9th Cir.1999). We construe the complaint liberally because it was drafted by a pro se plaintiff. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).
 
 III. Rooker-Feldman
 
 11
 The Rooker-Feldman doctrine evolved from the two Supreme Court cases from which it takes its name. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Rooker-Feldman bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir.2004). In Noel v. Hall, we explained the doctrine as follows:
 
 
 12
 If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.
 
 
 13
 341 F.3d at 1164.
 
 
 14
 The district court read Wolfe's complaint as a challenge to prior state court decisions and concluded that Wolfe's suit was barred by Rooker-Feldman. However, since there was no vexatious litigant order entered against Wolfe at the time he filed in district court, there was no state court judgment from which he could have been seeking relief.
 
 
 15
 Instead of seeking relief from prior state court judgments, Wolfe seeks declaratory and injunctive relief against the threatened future enforcement of the Vexatious Litigant Statute. He argues that the statute violates the First Amendment, the Equal Protection Clause, and the Due Process Clause; that it constitutes an ex post facto law and a bill of attainder; and that it subjects vexatious litigants to double jeopardy. In his prayer for relief, Wolfe requests "a declaration that California Code of Civil Procedure Sections 391-391.7 ... are unconstitutional on their face and as applied to [Wolfe] and [to] all other persons appearing or trying to appear in the courts of California without benefit of counsel, and therefore those statutes are void and of no effect." He also seeks an order enjoining enforcement of the statute.
 
 
 16
 The defendants argue that a number of statements in Wolfe's complaint show that he seeks to bring de facto appeal. They interpret the complaint to challenge: (1) Justice Strankman's prior refusal to reopen Wolfe's state case on the constitutionality of the statute; (2) the Superior Court Judge Defendants' prior refusal to recuse themselves; and (3) the prior judicial determinations that placed Wolfe on the vexatious litigant list and imposed a prefiling order against him. In response, Wolfe states that he referred to these prior events in his complaint in order to demonstrate his standing to pursue his constitutional challenge.
 
 
 17
 For Wolfe to have standing to challenge the Vexatious Litigant Statute, he must show that he is sufficiently likely to be injured by the operation of the statute that his dispute is ripe. One way — often the best way — for a plaintiff to establish standing in such a case is to demonstrate that he has previously engaged in the sort of activity in which he now claims he will engage again if not prohibited by the statute he seeks to challenge. See United Public Workers v. Mitchell, 330 U.S. 75, 89-92, 67 S.Ct. 556, 91 L.Ed. 754 (1947) (holding that plaintiffs lacked standing to challenge the Hatch Act because the nature of the political activities they intended to engage in was a matter of speculation). One can also establish standing to sue by demonstrating a history of enforcement against oneself and others. See Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139-40 (9th Cir.2000) (en banc) (holding that the history of enforcement of a statute is relevant to standing and ripeness inquiry); American-Arab Anti-Discrimination Comm. v. Thornburgh, 970 F.2d 501, 508 (9th Cir.1992) (holding that the threat of injury was not speculative because the plaintiffs had been previously charged under the challenged statute).
 
 
 18
 We construe Wolfe's references to the prior judicial actions enumerated above in this light. That is, we construe these references as showing that Wolfe has, in the past, acted in such a way as to subject himself to the operation of the Vexatious Litigant Statute, thereby tending to show that he will act in this way again and that the statute will be enforced against him again. These references are thus part of his demonstration that he is sufficiently threatened with actual harm from the future operation of the Vexatious Litigant Statute that he has standing to bring the present suit. We do not construe these references as de facto appeals from the decisions in those prior actions. We therefore hold that the district court erred in dismissing Wolfe's suit for lack of subject matter jurisdiction under Rooker-Feldman.
 
 IV. Alternative Grounds
 
 19
 Defendants argue that we can affirm on the alternate ground that none of them is a proper defendant. We agree as to all defendants except Chief Justice George and Ms. Silva, though there are different rationales for dismissing different defendants.
 
 
 20
 A. Proper Parties under § 1983: The State Defendants
 
 
 21
 We affirm the district court's dismissal of the State of California and the Judicial Council, as they are not proper parties to a suit under § 1983. "[A] state and its officials sued in their official capacity are not considered `persons' within the meaning of § 1983." Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir.2002) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). The State of California may not, therefore, be a defendant in this case. Similarly, state agencies are also protected from suit under § 1983. Ceballos v. Garcetti, 361 F.3d 1168, 1183 n. 11 (9th Cir.2004). Whether the Judicial Council is a proper party to a suit brought under § 1983 therefore depends on whether it is a state agency.
 
 
 22
 The Judicial Council directs and administers the California courts. Article VI, § 6 of the California Constitution establishes the Judicial Council and defines its role as follows:
 
 
 23
 To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute.
 
 
 24
 Cal. Const. art. VI, § 6(d); see also Cal. Gov't Code § 68500 et seq. (describing funding and management process for the California Judicial Council). Given the role of the Judicial Council, it is clearly a state agency.
 
 
 25
 The remaining State Defendants — Chief Justice George, Justice Strankman, and Ms. Silva — argue that because they are sued in their official capacities, Wolfe's action is in reality brought against the State of California. Therefore, they argue, they are entitled to sovereign immunity and are not "persons" subject to suit under § 1983. We disagree.
 
 
 26
 It is true that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)) (additional citations and quotation marks omitted). However, under Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983, because `official-capacity actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n. 10, 109 S.Ct. 2304 (quoting Graham, 473 U.S. at 167 n. 14, 105 S.Ct. 3099). Wolfe has sued the defendants in their official capacities for prospective injunctive and declaratory relief. He does not seek damages. Thus, Wolfe's claims against Chief Justice George, Justice Strankman, and Ms. Silva fall within the Ex parte Young exception to sovereign immunity and are properly brought under § 1983.
 
 
 27
 B. § 1983 Relief Against the Judicial Defendants
 
 
 28
 Citing In re the Justices of the Supreme Court of Puerto Rico, 695 F.2d 17 (1st Cir.1982) ("In re Justices"), the Superior Court Judge Defendants (Judges Garcia, Quidachay, and Chiantelli) argue that there is no "case or controversy" between them and Wolfe sufficient to support federal court jurisdiction under Article III. If their argument is correct, it applies equally to Justice Strankman, who has been sued in his judicial capacity, and to Chief Justice George, to the extent he has been sued in his judicial capacity.
 
 
 29
 In In re Justices, then-Judge Breyer suggested that "ordinarily, no `case or controversy' exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute," because when judges act as neutral adjudicators they do not have legal interests adverse to the interests of the litigants. Id. at 21. However, the First Circuit did not rest its decision in In re Justices on Article III grounds. Judge Breyer explained that it was preferable to resolve the case on the nonconstitutional basis that judges are "not proper party defendants in § 1983 actions challenging the constitutionality of state statutes." Id. at 22.
 
 
 30
 We followed the First Circuit's approach in Grant v. Johnson, 15 F.3d 146, 148 (9th Cir.1994). Under In re Justices, whether judges are proper defendants in a § 1983 action depends on whether they are acting as adjudicators or as "administrators, enforcers, or advocates." 695 F.2d at 21. In Grant, we held that "judges adjudicating cases pursuant to state statutes may not be sued under § 1983 in a suit challenging [a] state law." 15 F.3d at 148. The plaintiff had challenged the constitutionality of an Oregon statute which "permitted a judge to appoint a temporary guardian without notice or hearing," and had sued a state court judge who had previously appointed a guardian for her. Id. at 147. Since there was "no doubt that [the judge] acted in an adjudicative capacity by appointing a guardian for [the plaintiff] upon the application of a third party," we held he was not a proper defendant. Id. at 148.
 
 
 31
 The role of a judge under the Vexatious Litigant Statute cannot be characterized simply. Some activities that judges take pursuant to the statute are clearly adjudicative. For example, a judge acts as a neutral adjudicator in determining whether a plaintiff is a vexatious litigant upon a motion by a defendant, and in deciding whether to require the litigant to post a security bond. Cal.Civ.Proc.Code § 391.1. However, the statute also grants a judge the power to impose, on his or her own motion, a prefiling order prohibiting a vexatious litigant from filing new litigation without the court's permission. Id. § 391.7(a). Such an action may not be purely that of a neutral adjudicator.
 
 
 32
 We do not need to resolve the question of whether judges, in all circumstances, are adjudicators under the Vexatious Litigant Statute, for there is a more straightforward rationale for dismissing the Superior Court Judge Defendants and Justice Strankman as improper defendants under § 1983. As Judge Breyer explained in In re Justices,"a court should not enjoin judges from applying statutes when complete relief can be afforded" by enjoining other parties, because "it is ordinarily presumed that judges will comply with a declaration of a statute's unconstitutionality without further compulsion." 695 F.2d at 23. Here, "there is no relief-related basis for including" the Superior Court Judge Defendants, Justice Strankman, or Chief Justice George acting in his judicial capacity in this lawsuit, as complete relief is available in a suit against other parties. Id. If Wolfe is successful on the merits, he can obtain complete relief in his suit against Chief Justice George in his administrative capacity as Chair of the Judicial Council and Ms. Silva. Thus we affirm the dismissal of Chief Justice George in his judicial capacity, Justice Strankman, Judge Garcia, Judge Quidachay, and Judge Chiantelli as improper defendants in this § 1983 action.
 
 C. Judicial Immunity
 
 33
 The judicial defendants argue that they are absolutely immune from suit under § 1983. Since Chief Justice George is the only remaining judicial defendant, we need only consider this argument as it pertains to him. To the extent that he has been sued in his judicial capacity, Chief Justice George is an improper defendant, as explained above. However, he has also been sued in his administrative capacity as Chair of the Judicial Council.
 
 
 34
 Section 1983 only contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity. The statute provides that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). See also Sup.Ct. of Va. v. Consumers Union of the United States, Inc., 446 U.S. 719, 736, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) ("We need not decide whether judicial immunity would bar prospective relief, for we believe that the Virginia Court and its chief justice properly were held liable in their enforcement capacities."). Since Wolfe also sued Chief Justice George in his administrative capacity as Chair of the Judicial Council, we conclude that dismissal is not warranted on the basis of judicial immunity.
 
 D. Younger Abstention
 
 35
 Finally, we address abstention under Younger. The defendants understand the district court to have held, in the alternative, that it would dismiss Wolfe's suit on the basis of Younger abstention. We read the district court's order differently. After noting that "[i]t is unclear whether Plaintiff is presently prosecuting any actions or attempting to do so in state court," the district court concluded that
 
 
 36
 if there are ongoing state court proceedings by Plaintiff, this Court would dismiss under the doctrine of Younger abstention. However, because the Court lacks jurisdiction under the Rooker-Feldman doctrine, it is unnecessary to grant Plaintiff an opportunity to amend his Complaint in order to clarify the ambiguity concerning the status of his state court actions.
 
 
 37
 We do not read these statements as holding in the alternative that Wolfe's action should be dismissed under Younger. Rather, we understand the district court to have indicated that it would ascertain whether any state court proceedings that warrant Younger abstention are pending before dismissing on that basis. On remand, the district court is free to undertake Younger analysis, consistent with this court's recent holding in Gilbertson v. Albright, 381 F.3d 965 (9th Cir.2004) (en banc). We intimate no view, at this time, on the propriety of Younger abstention.
 
 Conclusion
 
 38
 The district court erred by dismissing the suit under Rooker-Feldman. We nevertheless affirm the dismissal of the State of California and the Judicial Council of California because they are not "persons" subject to suit under § 1983. We affirm the dismissal of the Superior Court Judge Defendants, Justice Strankman, and Chief Justice George in his judicial capacity because complete relief is available in an action against Chief Justice George in his administrative capacity and Ms. Silva. We reverse the dismissal of Chief Justice George in his administrative capacity and Ms. Silva, and we remand to the district court for further proceedings.
 
 
 39
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 We were told at oral argument that some of the judicial defendants, not including Chief Justice George, no longer occupy the positions indicated. In light of our dismissal of the cause of action against all of the judicial defendants in their judicial capacities, we need not pursue this factual issue
 
 
 [2]
 The individual defendants were also sued in their personal capacities, but the declaratory and injunctive relief Wolfe seeks is only available in an official capacity suit
 
 
 [3]
 Under California Civil Procedure Code § 391(b), a "vexatious litigant" is "a person who does any of the following":
 (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
 (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
 (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
 (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.