Warren SUMMER; et al., Plaintiffs— Appellants,

v.

SAN BERNARDINO COUNTY; et al., Defendants—Appellees.

No. 03–55471.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

R.App. P. 34(a)(2).

Warren Summer, Yuca Valley, CA, pro se.

Karin Winkler, Yuca Valley, CA, pro se.

Stephen E. Miller, Esq., Brunick, Alvarez & Battersby, San Bernardino, CA, for Defendants–Appellees.

Terry R. Crawford, Crawford Law Firm, Landers, CA, pro se.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Warren Summer and his wife Karin Winkler appeal pro se the district court's judgment in favor of defendants in their 42 U.S.C. § 1983 action alleging conspiracy, false arrest, malicious prosecution, and a *Monell* claim against San Bernardino County, Sheriff Deputy Dale Mondary, and several other named individuals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and dismissal for failure to state a claim, *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.

2000). "We may affirm the district court's dismissal on any ground supported by the record," *Wolfe v. Strankman*, 392 F.3d 358, 361 (9th Cir.2004).

The district court properly granted summary judgment to defendant Mondary, because he had probable cause to believe that Summer violated the terms of a restraining order by photographing and harassing a protected member of the Crawford family. *See Dubner v. City and County of San Francisco*, 266 F.3d 959, 964–65 (9th Cir.2001) (holding that probable cause exists when, under the totality of the circumstances, a prudent person would believe the suspect had committed a crime). Furthermore, under California law, an "officer who accepts delivery of a person following a citizen's arrest is not liable for false arrest or false imprisonment even if the officer determines that there is no grounds for making a criminal complaint." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 920–21 (9th Cir.2001) (citation omitted).

Because the district court correctly found that there was no underlying constitutional harm, Summer cannot maintain a *Monell* claim against San Bernardino County based on the actions of its officers. *See Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (holding that neither *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), nor any other case authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in the officer inflicted no constitutional harm). Furthermore, the district court appropriately dismissed Summer's claims against the private defendants because there was no underlying constitu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tional violation in which they were "willful participant[s]." *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003).

The district court did not abuse its discretion in denying Summer's request to further amend his complaint because he did not show "good cause" for bringing his request eight months after the deadline for amendment set forth in the court's scheduling order. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000).

Summer's remaining contentions are unpersuasive.

AFFIRMED.