**Andrew W. SHALABY, Plaintiff–Appellant,**

v.

**JUDICIAL OFFICERS OF THE STATE OF CALIFORNIA, Defendant–Appellee.**

No. 03–17067.

D.C. No. CV–03–03358–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.*

Decided May 24, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Andrew W. Shalaby, El Cerrito, CA, pro se.

Tom Blake, Esq., Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Andrew W. Shalaby appeals the district court's dismissal of his action against all of

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Judicial Officers of the State of California. We affirm.

Shalaby sued the judicial officers in their official capacity for the purpose of having one of the State of California's statutes[1] declared unconstitutional. His suit is, in effect, an action against an arm of the state itself. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003). However, with certain exceptions, pursuant to the Eleventh Amendment to the United States Constitution "[t]he Judicial power of the United States" does not extend to an action by a citizen against a State. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Hans v. Louisiana,* 134 U.S. 1, 3–4, 9–10, 21, 10 S.Ct. 504, 505, 509, 33 L.Ed. 842 (1890). No exception to that prohibition applies here. *See Seminole Tribe v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996) (exception when Congress properly abrogates immunity); *Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304–05, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990) (exception when state waives immunity); *Ex Parte Young,* 209 U.S. 123, 155–56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908) (state official can be enjoined).

Shalaby does assert that because he is suing the state's judicial officers, he comes within the *Ex Parte Young* exception. He is wrong. "We agree with [the] decisions holding that judges adjudicating cases pursuant to state statutes may not be sued under § 1983 in a suit challenging the state law." *Grant v. Johnson,* 15 F.3d 146, 148 (9th Cir.1994); *see also Wolfe v. Strankman,* 392 F.3d 358, 365–66 (9th Cir. 2004); *In re The Justices of the Supreme Court of Puerto Rico,* 695 F.2d 17, 22 (1st Cir.1982).

AFFIRMED.