Anwar PEACE, Plaintiff–Appellant,

v.

Richard G. **KERLIKOWSKE,** Chief of the Seattle Police Department, individually and in his official capacity; Leo E. Poort, Seattle Police Department Legal Advisor, individually and in his official capacity; Seattle Police Department; City of Seattle, Defendants–Appellees.

No. 05–35418.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed May 30, 2007.

William John Crittenden, Esq., Office of William John Crittenden, Seattle, WA, for Plaintiff–Appellant.

Thomas Aquinas Carr, Esq., Rebecca Boatright, Seattle City Attorney's Office, Seattle, WA, for Defendants–Appellees.

Before: ALARCÓN, RYMER, and BERZON, Circuit Judges.

## MEMORANDUM *

Anwar Peace brought this federal lawsuit under 42 U.S.C. § 1983, alleging that the temporary anti-harassment order obtained by Chief Kerlikowske on September 28, 2004, violated his due process rights because it was issued through *ex parte* proceedings of which he received no notice. The district court granted summary judgment to the defendants.

1. *Jurisdiction:* Substantively, Peace's constitutional claim overlaps with the judgment that the Washington state court made in deciding whether to issue the September 28 order. Peace claims that the September 28 proceeding was unconstitutional because its *ex parte* nature was not justified by some emergency. Before

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an *ex parte* anti-harassment order will issue, Washington state law requires a showing that "great or irreparable harm will result," which is basically the same finding that Peace contends is constitutionally required. *See* Wash. Rev.Code § 10.14.080.

Such overlap between state and federal proceedings is forbidden under certain circumstances by the *Rooker–Feldman* doctrine, which is designed to prevent losers in state courts from turning to lower federal courts, instead of the Supreme Court, to review their state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). But the *Rooker–Feldman* doctrine does not preclude all substantive overlap between state and federal proceedings. Rather, as we recently explained,

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003); *see also Manuf. Home Cmties. v. City of San Jose,* 420 F.3d 1022, 1029 n. 8 (9th Cir.2005) (concluding that the *Exxon Mobil* "affirmed *Noel's* approach to *Rooker–Feldman* ").

■ Peace's claim falls in the latter category, and thus within our jurisdiction. Peace challenges alleged use of the *ex parte* process by an adverse party and that party's counsel, not the decision issued by the state court or its judges. *See Maldonado v. Harris,* 370 F.3d 945, 950–51 (9th Cir.2004) (holding that there was no *Rook-*

*er–Feldman* problem even though a federal complaint sought relief from a state-ordered injunction because the plaintiff did not allege legal errors by the court as the basis for relief). He does not seek relief from the state court judgment, as the September 28 order has already expired. *See Wolfe v. Strankman,* 392 F.3d 358, 363 (9th Cir.2004). The substantial substantive overlap between Peace's federal and state cases is therefore insufficient to bring this case within the *Rooker–Feldman* doctrine.

2. *Constitutional Claim:* To prevail on his constitutional claim, Peace must show "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991).

The September 28, 2004 order impinged on Peace's speech interests, whether or not it actually violated his First Amendment rights, a question Peace does not ask us to decide. *See generally Overstreet v. United Broth. of Carpenters and Joiners of America, Local Union No. 1506,* 409 F.3d 1199, 1211 (9th Cir.2005) ("[I]ndividuals ordinarily have the constitutional right to communicate their views in the presence of individuals they believe are engaging in immoral or hurtful behavior."); *City of Houston v. Hill,* 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."). Were we to address the merits of the due process issue Peace raises, we would therefore apply the stringent standards enunciated in *Carroll v. President & Comm'rs of Princess Anne,* 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) to determine whether the *ex parte* order was procedurally permissible. *See id.* at 180, 89 S.Ct. 347 ("There is a place

in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration; but there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate."); *see also Procunier v. Martinez*, 416 U.S. 396, 418, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (holding that an interest in written correspondence is "grounded ... in the First Amendment[ and] is plainly a 'liberty' interest' within the meaning of the Fourteenth Amendment. . . .").

■ We do not decide, however, whether the September 28 order violated Peace's due process rights. Assuming that is the case, Peace's claim against the defendants still fails. On this record, Peace cannot meet the independent requirement that the defendants "proximately caused" any deprivation of Peace's due process rights. We agree with the defendants that under the unusual circumstances of this case, the fact that the September 28 order "was issued not by appellees, but by a neutral and detached King County District Court [judge] with the power—and obligation— to review the petition and deny relief . . . if the standard of the statute was not met" precludes relief under § 1983.

We have recently held that even when a proceeding is *ex parte*, "a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking [a petitioner's request] to the officer's decision." *Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir.2007). That holding is applicable here. Under Washington state law, the decision whether an anti-harassment order should issue

*ex parte* rests with the court. *See* Wash. Rev.Code § 10.14.080(1) (requiring that an affidavit regarding the need for such an order "satisf[y] the court"). Moreover, Kerlikowske did not initially ask for the temporary order he eventually—perhaps unconstitutionally—received on September 28, 2004.

Represented by Poort, Kerlikowske filed a petition on September 28 that would initiate a proceeding entirely distinct from the one that had resulted in a permanent anti-harassment order a year earlier. In doing so, he expressly declined requesting the *ex parte* order he eventually received. The petition form included two columns. One column allowed Kerlikowske to request a temporary order to be issued "immediately without notice to the respondent until a hearing to avoid great or irreparable harm," while the second column allowed him to request simply "an order for protection following a hearing." Kerlikowske marked only the second column, thus allowing for a hearing. (The form submitted a year earlier had, in contrast, checked the boxes requesting an *ex parte* order.)

Furthermore, the transcript indicates that it was the judge who came up with the idea that rather than beginning a new proceeding, the court should immediately extend the September 2003 order for two weeks and hold a full hearing on the extension then. Replacing the new case number with the old one, the judge devised the resulting order by modifying a form meant for denying requests for anti-harassment orders.

Poort certainly acquiesced on Kerlikowske's behalf in that ad-hoc procedure. Poort conceded to the court that the new petition was based on the same facts underlying the 2003 order and stated that he hoped the old order could be continued. The petition itself describes the accompa-

nying facts as the "Basis for Petition for Renewal." But, according to the record before us, Poort neither requested nor suggested the *ex parte* nature of the proceeding and the order that resulted. Instead, Poort told the judge that he believed that "the Courts were unsure" about the proper procedure to follow in response to his 2004 petition, because the 2003 order had just expired.

Under these circumstances, Kerlikowske and Poort were certainly the "but for" cause of the issuance of the *ex parte* order on September 28, 2003. The judge would not have issued any such order had Poort not shown up in his court and filed a pleading. But, under *Galen*, they did not *proximately* cause the *ex parte* nature of the proceeding or its result, given the entirely independent role of the judge in devising the temporary order.[1]

Consequently, Peace's claim fails as a matter of law. We affirm the district court's grant of summary judgment to the defendants and its denial of summary judgment to Peace.

**AFFIRMED.**

---

**1.** Our holding in *Galen* may be in tension with *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), which held that when a police officers who submits to a magistrate an affidavit in support of an arrest warrant failed to establish probable cause, the magistrate's subsequent decision to issue the warrant does not under § 1983 "break[ ] the causal chain between the application for the warrant and the improvident arrest." *Id.* at 344 n. 7, 106 S.Ct. 1092. We need not resolve any tension between *Galen* and *Malley* to decide this case. The facts before us clearly indicate that the judge did not simply approve what was submitted to the court, as in *Malley*, but instead independently came up with the questionable form of order issued.