**Michael D. LOJAS, husband, Plaintiff–Appellant,**

**and**

**Diane Lynn Lojas, wife, Plaintiff,**

v.

**State of WASHINGTON; Washington Department of Fish and Wildlife Enforcement, a State Agency; Terry L. Ray–Smith, as Agent and individually, Defendants–Appellees.**

No. 08–35479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2009.

Sept. 14, 2009.

Douglas Dwight Phelps, Phelps & Associates, PS, Spokane, WA, for Plaintiff.

Jarold Phillip Cartwright, Assistant Attorney General, Attorney General of Washington, Spokane, WA, for Defendants–Appellees.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

MEMORANDUM *

Michael Lojas and Dian Lynn Lojas appeal the dismissal on summary judgment of their § 1983 suit against the State of Washington, the Washington Department of Fish and Wildlife (WDFW), and Terry L. Ray–Smith, a WDFW officer sued in her official and personal capacities.  Because the district court correctly granted summary judgment to the various defendants on Eleventh Amendment and qualified immunity grounds, we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appellants' § 1983 claims against the State of Washington and WDFW are absolutely barred by the Eleventh Amendment. *See Wolfe v. Strankman,* 392 F.3d 358, 364 (9th Cir.2004). The district court also correctly dismissed appellants' § 1983 claims against Officer Ray–Smith in her official capacity on Eleventh Amendment grounds, since the complaint did not seek prospective injunctive relief for a continuing constitutional violation by Officer Ray–Smith, *see Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), but instead sought only monetary damages.

The § 1983 claim against Officer Ray–Smith in her personal capacity was properly dismissed by the district court on qualified immunity grounds. Regardless of the ultimate constitutionality of Officer Ray–Smith's actions, she did not violate any clearly-established right of appellants in searching their property or in seizing four deer skulls and a taxidermist log book as suspected contraband. *See Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). Officer Ray–Smith's search was incidental to the execution of a valid drug warrant, and her warrantless seizures were conducted pursuant to two Washington state statutes specifically authorizing such action by WDFW officers. *See* RCW §§ 77.15.070(1) and 77.15.085. Officer Ray–Smith's conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (quotation marks and citation omitted).

**AFFIRMED.**