FILED

**NOT FOR PUBLICATION**

FEB 10 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Z.F., a minor, by and through his parents M.A.F and J.F, et al., | No. 08-17708 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-00855-GEB-JFM |
| v. | |
| RIPON UNIFIED SCHOOL DISTRICT, et al., | MEMORANDUM [*] |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted January 11, 2010
San Francisco, California

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

Plaintiffs appeal the district court's dismissal of their suit for lack of subject

matter jurisdiction due to a failure to exhaust their administrative remedies under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482.

We affirm.

## STANDARD OF REVIEW

In reviewing a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss

for lack of subject matter jurisdiction, this court accepts the allegations in

Plaintiffs' complaint as true and draws all reasonable inferences in their favor.

*Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Whether exhaustion is

required under the IDEA is a question of law that this court reviews de novo.

*Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1166 (9th Cir. 2007).

## DISCUSSION

### I.      Exhaustion

The principal difficulty with Plaintiffs' position on appeal is the IDEA's

mandate that they exhaust their administrative remedies prior to filing a civil

action:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that *before the filing of a civil action* under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(*l*) (emphasis added); *see also Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302 (9th Cir. 1992) ("The IDEA . . . does provide administrative appeal procedures to be pursued before seeking judicial review."). Here, the only processes completed before Plaintiffs filed this lawsuit were (1) a rejected joint request for a due process hearing before the Office of Administrative Hearings and (2) Z.F.'s complaint before the California Department of Education. **[3 ER at 283-285]** The Office of Administrative Hearings was within its authority to reject the joint due process request, as the IDEA contemplates only individual due process hearings. *See* 20 U.S.C. § 1415(b)(6)(A) (mandating an opportunity to present a complaint as to "the child"); § 1415(f)(1)(B)(i)(IV) (discussing resolution involving "the parents of the child").

Furthermore, filing a complaint with the California Department of Education constitutes exhaustion when "the only purposes served by exhaustion are to notify the state of local noncompliance and to afford it an opportunity to correct the problem." *See Hoeft*, 967 F.2d at 1308. In this case, where several plaintiffs have now obtained relief from local agencies, local resolution of education matters is demonstrably served by requiring Plaintiffs to pursue individual due process procedures.

In sum, because no plaintiff exhausted the IDEA's administrative procedures prior to filing suit, Plaintiffs have not exhausted their administrative remedies as required by 20 U.S.C. § 1415(i)(2)(A) and 20 U.S.C. § 1415(*l*). Those plaintiffs who exhausted their administrative remedies subsequent to the filing of this action, by resolving all of the educational issues through settlements or completed administrative hearings, may file a new action to pursue any remaining claims. *See Kutasi*, 494 F.3d at 1169.

## II.     Excuses for Exhaustion

Plaintiffs have also failed to demonstrate they are entitled to bypass the IDEA's administrative procedures. Excuses for exhaustion include the following: (1) it would be futile to use the due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies; and (4) a systemic or structural IDEA violation is at issue. *See Doe v. Ariz. Dep't of Educ.*, 111 F.3d 678, 681-82 (9th Cir. 1997); *Hoeft*, 967 F.2d at 1303-04.

### A.     Futility

If a plaintiff seeks a remedy for an injury that could not be redressed by the IDEA's administrative procedures, exhaustion is unnecessary. *Kutasi*, 494 F.3d at

4

1168. "On the other hand, if the injury could be redressed 'to any degree' by the IDEA's administrative procedures–or if the IDEA's ability to remedy an injury is unclear–then exhaustion is required." *Id.* (quoting *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1050 (9th Cir. 2002)). The IDEA's administrative procedures are not futile in this case. Indeed, A.N., J.H., L.H., and Z.F. have already availed themselves of these procedures and obtained favorable outcomes. As such, this excuse for exhaustion does not apply.

## B. Policy of General Applicability

The Plaintiffs are also not excused from exhaustion by asserting a policy of general applicability. As stated in *Hoeft*, "Eligibility criteria and methodology are classic examples of the kind of technical questions of educational policy best resolved with the benefit of agency expertise and a fully developed administrative record." 967 F.2d at 1305. Here, where Plaintiffs challenge application of the Early Intensive Behavioral Treatment Program Procedures and Guidelines' eligibility criteria, their claims are subject to the IDEA's administrative procedures.

## C. Inadequate Relief

Plaintiffs also may not avail themselves of the inadequate relief excuse for exhaustion. This court has generally limited this exception to cases of procedural irregularities that deprive plaintiffs of access to the administrative process. *See*

5

*Hoeft*, 967 F.2d at 1309. Claims that focus on the content and administration of a program do not qualify for this exception. *See id.* Plaintiffs' complaint does not challenge the administrative process itself but rather focuses on how the Early Intensive Behavioral Treatment Program Procedures and Guidelines affect the provision of education. Accordingly, they have not shown administrative remedies would be inadequate in this case.

### D. Systemic Violation of the IDEA

Last, Plaintiffs do not allege systemic violations of the IDEA. Plaintiffs challenge only the provision of one program of services through the Early Intensive Behavioral Treatment Program Procedures and Guidelines. Moreover, the benefits of exhaustion are not merely hypothetical in this case, as several Plaintiffs have now received educational remedies. *See Doe*, 111 F.3d at 682 (stating that a claim "is not 'systemic' if it involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem.").

**AFFIRMED.**

6