**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM RAMSEY, | No. 12-15507 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00694-JMS-KSC |
| v. | |
| HAWAII PAROLING AUTHORITY; STATE OF HAWAII; ROY REEBER; ALBERT TUFONO; and GAIL MURANAKA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 19, 2014[**]
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Plaintiff William Ramsey brought suit under 42 U.S.C. § 1983 against the

Hawaii Paroling Authority ("the HPA"), the State of Hawaii ("the State"), and

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

HPA members Roy Reeber, Albert Tufono, and Gail Muranaka (collectively, "the Individual Defendants"), along with several John and Jane Doe defendants, alleging that Defendants violated his due process and equal protection rights by requiring him to participate in a Sex Offender Treatment Program ("SOTP") as a condition of his parole for a burglary conviction despite the fact that Ramsey had already served his sentence for his 1994 Sexual Assault conviction. The district court granted Defendants' Motion to Dismiss without leave to amend. We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

First, the district court correctly concluded that states and state agencies may not be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (stating that "state agencies are . . . protected from suit under § 1983"). The district court also correctly concluded that state officials may not be sued under § 1983 in their official capacities for damages. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of [§ 1983] because they assume the identity of the government that employs them."). Therefore, the district court properly dismissed

Ramsey's claims against the State and the HPA, as well as Ramsey's damages claims against the Individual Defendants sued in their official capacities.

Second, the district court properly dismissed Ramsey's damages claims against the Individual Defendants sued in their individual capacities because "parole board officials . . . are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny, or revoke parole . . . .'" *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004).

Third, we reject as moot Ramsey's claim for declaratory and injunctive relief against the Individual Defendants sued in their official capacities. On appeal, Ramsey does not contest Defendants' assertion that the HPA has removed the SOTP requirement as a condition of his parole. Defendants' claim is supported by a letter sent by the HPA Paroles and Pardons Administrator to Plaintiff's counsel, stating: "the parole board waived the sex offender treatment and supervision requirements for your client . . . [T]he sex offender treatment and supervision requirements have been removed." Because Ramsey's declaratory and injunctive relief claim against the Individual Defendants seeks to remove that same SOTP requirement, we hold that this claim should be dismissed as moot.

Even if Ramsey's claim for declaratory and injunctive relief were not moot, we would still affirm the district court's 12(b)(6) dismissal of these claims.

Regarding Ramsey's substantive due process argument, the district court correctly found that Ramsey's "general assertion that Defendants could not require him to participate in the SOTP as part of the parole conditions of his burglary conviction has no basis in law." SER 12. On appeal, Ramsey once again cites no authority for his assertion. Ramsey's procedural due process claim likewise fails. The district court noted that Ramsey "does have a liberty interest in . . . not being labeled a sex offender and [not being] required to participate in the SOTP without due process." SER 13. However, an inmate such as Ramsey "who has been convicted of a sex crime in a prior adversarial setting . . . has received the minimum protections required by due process." *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997). Finally, Ramsey's equal protection claim fails because it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In particular, the Complaint failed to allege (1) a class of similarly situated individuals and (2) in what respects Ramsey was treated differently from that class.

**AFFIRMED.**