**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAHROKH MIRESKANDARI and PAUL BAXENDALE-WALKER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BARRINGTON MAYNE, et al., <br><br> Defendants - Appellees. | No. 13-55945 <br><br> D.C. No. 2:12-cv-03861-JGB-MAN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 13, 2015
Pasadena, California

Before: CHRISTEN and HURWITZ, Circuit Judges, and BURGESS, District Judge.[**]

Shahrokh Mireskandari and Paul Baxendale-Walker appeal the district

court's May 14, 2013 order dismissing all pending claims with prejudice.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

**1.** We affirm the district court's dismissal of the claims against the Law Society of England and Wales ("LSE") and the Solicitors Regulation Authority ("SRA") pursuant to the Foreign Sovereign Immunities Act ("FSIA"). The SRA has no legal existence separate from the LSE. Though the LSE and SRA are formally independent from the government, both are accountable to the statutorily-created Legal Services Board ("LSB"), which is itself accountable to Parliament through the Lord Chancellor. The LSB is responsible for eight regulatory objectives defined by statute, and the LSE and SRA must act in a manner compatible with these objectives, *see* Legal Services Act 2007, c. 29, § 28, 2(a). Thus, the LSE and SRA engage "in a public activity on behalf of the foreign government." *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1098 (9th Cir. 2008) (internal quotation mark omitted).

**2.** The district court did not abuse its discretion in dismissing the claims against the LSE and SRA with prejudice, refusing to allow Appellants to amend their complaint for a fourth time. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

**3.** We vacate the district court's dismissal of the claims against Barrington Mayne, Malcolm Lees, David Middleton, Antony Townsend, and Richard Hegarty, because the FSIA does not provide immunity to officials acting on behalf of a foreign state. *See Samantar v. Yousuf*, 560 U.S. 305, 319 (2010). On remand, the district court may consider whether dismissal of these defendants is required under common law immunity.

**4.** We affirm the district court's dismissal of the claims against Associated Newspapers, Ltd. and David Gardner ("ANL Defendants") pursuant to the doctrine of claim splitting. Appellants argue that claim splitting should not apply because an order from another judge, denying transfer of this case to that judge's calendar, reserved Appellants' right to pursue their claims against the ANL Defendants in a separate lawsuit. The order, however, did not reserve any such right.

**5.** We affirm the district court's dismissal of the claim against Patrick Rohrbach, but on the ground that the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("We may affirm the district court's dismissal on any ground supported by the record."). Rohrbach's written witness statements, which Mireskandari agreed could be considered on the motion to dismiss, are not actionable. The statements never directly assert that Mireskandari did anything wrong. The only

3

factual assertions contained in the statements are that Mireskandari is not a California attorney and has not passed the California Bar examination. Mireskandari does not challenge the accuracy of these statements.

**6.**     We vacate the district court's order dismissing the claims against Mansur Rahnema for lack of personal jurisdiction.  On remand, the district court should consider whether the eleventh claim for relief – a defamation claim against Rahnema that was missing from the electronic version of the third amended complaint and not addressed in the district court's order – supports a finding of personal jurisdiction.  The district court may also consider Rahnema's other arguments for dismissal of Mireskandari's claims.[1]

**7.**     Each party shall bear its own costs.

**AFFIRMED in part; VACATED in part; and REMANDED.**

---

[1]     Appellants also filed a motion to supplement the record on appeal.  In light of our decision to remand parts of this case, we deny the motion and leave the augmentation of the record to the district court's discretion.