NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CULLEN M. HANKERSON, | No. 15-35580 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-06036-BHS |
| v. | |
| DEPARTMENT OF RISK MANAGEMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 26, 2017[**]

Before:      SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Former Washington state prisoner Cullen M. Hankerson appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from the alleged failure to investigate a tort claim.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Marsh v.*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment on Hankerson § 1983 claims against defendant Pressel because Hankerson failed to raise a genuine dispute of material fact as to whether Pressel caused a deprivation of any federal or constitutional right in his handling of Hankerson's tort claim. *See id.* (elements of 42 U.S.C. § 1983 claim).

The district court properly granted summary judgment on Hankerson's § 1983 claims against the Department of Risk Management because "state agencies are . . . protected from suit under § 1983." *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

The district court properly granted summary judgment on Hankerson's retaliation claim against defendant Combo because Hankerson failed to raise a genuine dispute of material fact as to whether Combo took any adverse action against Hankerson for filing civil complaints. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment regarding Hankerson's RICO claims because Hankerson failed to allege facts sufficient to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still

must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying Hankerson's motions for leave to amend his complaint to add additional defendants and claims. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (setting forth standard of review and factors for permitting leave to amend).

We reject as unsupported by the record Hankerson's contentions concerning judicial bias, discovery issues, and collusion between defense counsel and the district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**