**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 21 2022

| | |
|---|---|
| A. EDWARD EZOR,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>JIM McDONNELL; et al.,<br><br>          Defendants-Appellees,<br><br> and<br><br>JAMES V. SELNA; ALICIA G.<br>ROSENBERG,<br><br>          Defendants. | No. 21-55117<br><br>D.C. No. 2:19-cv-08851-JVS-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

        A. Edward Ezor appeals pro se from the district court's judgment dismissing

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Engebretson v. Mahoney*, 724 F.3d 1034, 1037 (9th Cir. 2013) (dismissal on the basis of immunity); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (dismissal on the basis of *Rooker-Feldman*). We affirm.

The district court properly dismissed Ezor's claims contesting the validity of the probate case judgment and writ of execution because they are a "forbidden de facto appeal" of state court proceedings and raise issues that are "inextricably intertwined" with those proceedings. *Noel v. Hall*, 341 F.3d 1148, 1158, 1163 (9th Cir. 2003) (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation and internal quotation marks omitted)). Contrary to Ezor's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine is inapplicable. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

The district court properly dismissed on the basis of absolute immunity Ezor's claims contesting the implementation of the writ of execution and alleging that the property sale was conducted in an unlawful manner. *See Engebretson*, 724 F.3d at 1039 ("[O]fficials charged with executing facially valid court orders enjoy

absolute immunity from § 1983 liability for conduct prescribed by those orders.").

The district court did not abuse its discretion in denying Ezor's motion to recuse District Judge Selna and Magistrate Judge Rosenberg because Ezor failed to demonstrate that a reasonable person would believe that the judges' impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal).

We reject as meritless Ezor's contention that the district court erred in denying as moot his motion to disqualify defendant Page's counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**