**Manuel David LUGO, Plaintiff— Appellant,**

v.

**George VALVERDE, Director of the California Department of Motor Vehicles, Defendant—Appellee.**

No. 07–56223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed March 11, 2009.

---

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

C. Hartzog Clamon, Esquire, Law Offices Of Shapiro & Clamon, San Diego, CA, for Plaintiff–Appellant.

Michael Joseph Early, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Defendant–Appellee.

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Before: CUDAHY,* PREGERSON and HAWKINS, Circuit Judges.

MEMORANDUM **

Manuel David Lugo ("Lugo") appeals from the judgment of the district court dismissing with prejudice his complaint alleging a cause of action under 42 U.S.C. § 1983. We affirm the district court's dismissal of the action.

Because we write for the parties, we recite the facts only to the extent necessary to our decision. The district court dismissed Lugo's complaint on the grounds that Lugo's claims were barred by res judicata and that Lugo failed to state a claim upon which relief could be granted. We may "affirm the district court's dismissal on any ground supported by the record." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004) (citing *Ecological Rights Found. v. Pac. Lumber Co.,* 230 F.3d 1141, 1153 (9th Cir.2000)).

The *Rooker–Feldman* doctrine bars Lugo's cause of action in federal court. There is no subject matter jurisdiction in federal district court over a direct appeal, or a de facto appeal, from a final state court judgment. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003); *Dubinka v. Judges of Superior Court,* 23 F.3d 218, 221 (9th Cir.1994) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)) (explaining that "[f]ederal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions."). The claims raised by Lugo in federal court were nearly identical to those

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

raised in state court, and were " 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003). We therefore AFFIRM the judgment of the district court dismissing with prejudice Lugo's complaint.

AFFIRMED.