**DILLON POLICE OFFICERS' ASSOCIATION; et al.,
Plaintiffs—Appellants,**

v.

**DILLON, CITY OF, Defendant— Appellee.**

No. 08–35143.

United States Court of Appeals, Ninth Circuit.

---

** The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Submitted June 4, 2009.*

Filed June 8, 2009.

Timothy B. Strauch, Petit & Strauch, PLLP, Missoula, MT, Andrew P. Suenram, Esquire, Erb & Suenram, PLLC, Dillon, MT, for Plaintiffs–Appellants.

W.G. Gilbert, Esquire, Gilbert Law Firm, Dillon, MT, Thomas M. Welsch, Esquire, Poore, Roth & Robinson, Butte, MT, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

Police officers from the City of Dillon, Montana (City) and Dillon Police Officers' Association (Association), on their own behalf and on behalf of a class of persons having rights under the City of Dillon Police Retirement Fund (Fund), appeal from the district court's order dismissing their amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

"Standing is a question of law reviewed de novo." *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 867 (9th Cir.2002). "[W]e take the allegations in the [plaintiffs'] complaint as true." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004). We affirm.

Plaintiffs lack standing because they fail to meet the injury-in-fact test. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiffs argue that the City's alleged failure to maintain the Fund on an "actuarially sound basis" is an actual, concrete harm. Even if the Fund is actuarially unsound, plaintiffs fail to link the level of funding to any immediate, direct injury. "Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (quoting *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 67 L.Ed. 1078 (1923)). Likewise, even if we assume that the City's use of the Fund's assets was improper under Mon-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tana law, plaintiffs fail to link that conduct to any "concrete" and "actual" injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

"[W]hen plaintiffs have not already suffered a tangible loss at the government's hands, they must establish a substantial likelihood that they 'personally' will be injured in the future by the government's policy." *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1002 (9th Cir.1998) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Plaintiffs fail to allege a "substantial likelihood" of future injury. The City's alleged refusal to augment the Fund after the Montana PERS Board gave notice of unfunded liabilities in 2006 does not constitute a "systematic pattern or policy" sufficient to confer standing in the context of a "threat of future harm." *See Nelsen v. King County*, 895 F.2d 1248, 1254 (9th Cir.1990).

Finally, the Association lacks standing because it has not demonstrated that "its members would otherwise have standing to sue in their own right ... and [that] neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth*, 528 U.S. at 181, 120 S.Ct. 693.

AFFIRMED.